IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   14-cr-00281-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.    ALAN TIMOTHY HERSHEY**
**2.    RENEE MOLINAR**

      Defendants.

---

**INDICTMENT**
18 U.S.C. § 371
26 U.S.C. § 7201
18 U.S.C. § 2

---

The Grand Jury charges that:

## COUNT I
### (18 U.S.C. § 371 - Conspiracy to Defraud the United States)

1.     From on or about March 15, 2001, and continuing through on or about April 25, 2012, in the District of Colorado, the defendants, Alan Timothy Hershey and Renee Molinar, did knowingly agree and conspire together, and with C.R. until about September, 2011, to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the Department of the Treasury in the computation, assessment, and collection of the revenue, namely income, employment, and other federal taxes.

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

2.      The conspiracy was carried out using the following manner and means, which created interdependency among the conspirators:

a.  Johnstown Liquor is a retail liquor store located in Johnstown, Colorado. As of March 15, 2001, Defendant Hershey had transferred it to Defendant Molinar, Molinar had transferred it to another individual for a short time, and had then reacquired it in her name. The defendants concealed from the Internal Revenue Service the fact that Molinar, who for much of the period of the conspiracy lived with Hershey, was the owner of Johnstown Liquor in name only, and that Hershey continued to control the operation of the business as its true owner.

b.  Defendant Hershey directed Defendant Molinar and others as to how to operate the business, usually by speaking to them at his home or by speaking to them by phone during business hours. Hershey dealt as much as possible in cash, and minimized his own use of bank accounts.

c.  Defendant Molinar opened bank accounts in the name of Johnstown Liquor over which she and individuals other than Hershey had signature authority. She also obtained a liquor license to operate Johnstown Liquor in her name.

d.  The defendants used a "Keystroke" point of sale record-keeping system which was connected to the store's cash registers and accurately recorded the business's cash, check, and credit card receipts. It also maintained an accurate

record of the items sold, the cost of each item sold, and the price for which it was sold.

e.  An unindicted co-conspirator, "C.R.", typically reconciled the sales receipts to the daily point of sale close-out reports, then placed the cash and checks in a safe in the store each night. At Defendant Hershey's direction, Molinar then removed a certain amount of the cash receipts before preparing the deposit slips and causing the bank deposits to be made. She gave that cash to Hershey.

f.  To conceal the existence of the cash receipts that had been removed, the defendants used a second set of books. Defendant Hershey directed C.R. to make entries into a separate record-keeping system, the QuickBooks system, for this purpose.

g.  Defendant Molinar would give C.R. the Keystroke point of sale paperwork along with a handwritten note indicating the amount of cash she had removed for that day. Defendant Hershey instructed C.R. to subtract that amount before entering the day's sales into the QuickBooks system. The QuickBooks record thus made it appear that the business's sales receipts were substantially less than they actually were.

h.  The defendants also used the check-cashing business operated by Johnstown Liquor to conceal the true amount of the business's cash receipts. Johnstown Liquor was registered as a money service business and was authorized to cash checks. Numerous customers regularly presented their payroll and other third party checks at the store to be cashed, and were charged approximately 1% of the face amount of the check for this service.

i.   Since cash would be needed on a daily basis to cash those checks, Johnstown Liquor could reasonably be expected to withhold some of its cash receipts from its bank deposits for that purpose. The defendants, however, removed far more of the store's daily cash receipts than was necessary to stock the business's cash registers and cash the next day's third-party checks. In fact, they removed most of the business's cash receipts before making the bank deposits. By removing this cash before it was deposited, the defendants prevented the IRS from being able to determine the true amount of the business's cash receipts by examining the banks' records. At the same time, the defendants accumulated large amounts of cash, which they never reported to the IRS.

j.   They did deposit the third-party checks, only 1% of the face amount of which could be viewed as income by the IRS. Defendant Hershey and/or Defendant Molinar would determine how many of those checks should be deposited, and when. Instead of depositing them shortly after they were received, however, they held some of them for weeks or even months. They would then deposit them in amounts of their choosing – sometimes it was the amount needed to pay business expenses, sometimes it was the amount needed to purchase real estate.

k.   Defendant Hershey filed no federal income tax returns for the entire period of the conspiracy and made no payments of income taxes to the IRS.

l.   Defendant Molinar sent payments to the IRS for each tax year from 2001 through 2010, but filed no returns with those payments to explain the amounts

she sent. The amounts she paid were roughly consistent with what she may have earned as an employee at Johnstown Liquor, but not consistent with her income as sole proprietor of the business. In 2008, after she had been confronted by an IRS revenue agent about her failure to file federal income tax returns, she filed returns for 2005 and 2006. On these, she held herself out as the true owner of Johnstown Liquor and substantially understated the gross receipts of the business .

m. As with the bank records, the defendants also attempted to have records which would be available to the IRS conceal the true gross receipts of the business and confound the IRS's ability to determine their true tax liabilities. These included the Colorado sales tax returns, the employer's federal tax returns, and the federal unemployment tax returns.

n.  Johnstown Liquor was required to collect state sales taxes on its sales of beverages, file monthly sales tax returns, and to pay those taxes monthly to the Colorado Department of Revenue. Failure to do so would spur an investigation by the state. Defendant Hershey therefore directed C.R. to create the business's monthly state sales tax returns using the understated sales figures from the QuickBooks records, and instructed him how to do so. Defendant Molinar executed checks drawn on a Johnstown Liquor account in amounts consistent with those returns to pay what she falsely represented to be the full amount due. She then had the returns and checks sent to the Colorado Department of Revenue.

o.  Johnstown Liquor was also required to withhold employment taxes from each employee's wages and submit those withholdings, along with an Employer's Quarterly Federal Tax Return (Form 941), to the IRS. In addition, Johnstown Liquor was required to pay a federal unemployment tax based on the total wages paid and file an annual Employer's Annual Federal Unemployment Tax Return (Form 940). Defendant Molinar paid certain employees their wages in cash or partly in cash; she paid others by check. Defendant Hershey determined which employees would be paid in cash.

p.  Defendant Molinar had an employee make entries into the QuickBooks payroll records which reflected the wages paid by check and the corresponding amounts withheld. The QuickBooks records thus created did not include the wages paid in cash. Nor did Molinar withhold any taxes from the wages she paid in cash.

q.  Defendant Molinar had the QuickBooks payroll records delivered to an accountant for the purpose of preparing Johnstown Liquor's Form 941's, the W-2 Wage and Income Statements and annual summaries thereof, and the annual Form 940's. Neither Molinar nor Hershey asked the accountant to prepare their income tax returns.

r.  Defendant Molinar subscribed the quarterly Form 941's and submitted them regularly to the IRS, along with payments which purported to be in the full amounts required. She also submitted the Form 940's regularly with payments which purported to be the full amount due. These forms and the corresponding payments were designed not only to conceal from the IRS the fact that

Johnstown Liquor was paying certain employees in cash and withholding nothing in connection therewith, but also to convey the appearance of regularity and legitimacy to the IRS. To ensure that the IRS would not discover this deceit Defendant Hershey instructed the employees who were paid in cash not to file tax returns.

s.   Having removed large sums of cash from the business's sales receipts, Defendant Molinar began making large cash purchases. These were the residential properties located at 225 Oak Street, Frederick, Colorado, 320 Rivera Lane, Johnstown, Colorado, 913 Elm St, Milliken, Colorado, and 113 Canal St., Johnstown, Colorado. Defendant Hershey negotiated the terms of the purchase of the Riviera Lane property and arranged for Molinar to purchase the Elm Street property.

t.   To conceal Defendant Hershey's control of Johnstown Liquor, its cash receipts, his income, and his assets from the IRS, the defendants arranged for residential properties and businesses to be purchased in the names of nominees or in the names of nominee entities. These were: 213 S. Norma Ave., Milliken Colorado, 110 Katsura Circle, Milliken, Colorado, Gilcrest Liquor, 505 Railroad St., Gilcrest, Colorado, 1914 Ruddy Ct., Johnstown, Colorado, 512 12th St., Gilcrest, Colorado, 4403 Quartz Lane, Johnstown, Colorado, Liquors Plus, and 1020 11th St., Greeley, Colorado. The defendants funded these purchases either directly or indirectly and used cash to conceal the true source of those funds. To avoid triggering the banks' duty to report cash transactions of $10,000 or more to the IRS, the defendants sometimes caused the funding for these purchases to be

funneled to the nominee buyer by way of consecutive cash deposits to bank accounts in amounts just under $10,000. Defendant Hershey had the nominees open bank accounts in their names or in the names of their entities. He also had some nominees obtain liquor licenses in their names.

u.  Most of the residential properties the nominees purchased were income-producing rental properties. However, the defendants, not the nominees, received the rents. Defendant Hershey controlled the operation of the two businesses the nominees purchased, Gilcrest Liquor and Liquor Plus, but prevented his name from being associated with those businesses.

v.  During the conspiracy, Johnstown Liquor had agreements with a cigarette manufacturer pursuant to which the store would receive rebates. The manufacturer was required to report the rebates to the IRS annually. The defendants caused the rebates to be reported under Hershey's social security number rather than under Molinar's. This maneuver was designed to divert any tax collection efforts by the IRS to Hershey, in whose name no discoverable assets were held.

w.  Defendant Hershey ultimately arranged for Gilcrest Liquor, Liquor Plus, and most of the properties which were held in Molinar's or the nominees' names to be resold to third party purchasers. He negotiated the sales and he and/or Defendant Molinar received the proceeds. To conceal their receipt of the proceeds, he sometimes caused the funds to be deposited into bank accounts on which he was not named as a signer, then had the nominee signer withdraw the proceeds in cash, and give the cash to him.

x.  In an attempt to remove Johnstown Liquor from the reach of the IRS, the defendants arranged to have title to it transferred to Johnstown Liquor, Inc., a company created by a young employee of the store.

<u>OVERT ACTS</u>

3.      In furtherance of the conspiracy and to affect the objects thereof, the following overt acts were committed in the District of Colorado and elsewhere:

a. Between about May 1, 2004 and May 25, 2004, Defendant Hershey negotiated the sale of 505 Railroad Street, Gilcrest, Colorado, from KMC, Inc. to T.S.

b. On or about August 8, 2005, Defendant Molinar authorized the transfer of $50,400.00 from her personal account #5645 at First National Bank to the CBRI, Inc. account #0161 at First National Bank.

c. Between about August 1, 2005 and August 19, 2005, Defendant Hershey negotiated the sale of 512 12th St., Gilcrest, Colorado from M.B. to CBRI, Inc.

d. On or about August 19, 2005, Defendant Molinar authorized the transfer of $30,000.00 from her personal account #5645 at First National Bank to the CBRI, Inc. account #0161.

e. Between about May 1, 2006 and May 15, 2006, Defendant Hershey negotiated the sale of Liquor Plus from H.S. to 295173 Corp./T.S.

f.   On or about March 6, 2008, Defendant Molinar told IRS Revenue Agent Flagg that she used the cash register tapes to prepare the sales tax returns for Johnstown Liquor.

g. On or about March 6, 2008, Defendant Molinar told IRS Revenue Agent Flagg that she never kept much cash on hand, maybe $1,000 at most.

h. Between about November 20, 2008 and December 17, 2008, Defendant Hershey directed C.R. to withdraw the money from C.R.'s account #9410 at Colorado East Bank and give the cash to Hershey.

i. Between about December 16, 2008 and February 26, 2009, Defendant Hershey directed C.R. to withdraw the money from the 295173 Corp d/b/a Liquor Plus account #6001 at Colorado East Bank and Trust and give the cash to Hershey.

j. Between about February 22, 2009 and March 16, 2009, Defendant Hershey directed an employee of Liquor Plus, D.S., to withdraw the money from the 295173 Corp. d/b/a Liquor Plus account #8339 at Guaranty Bank and Trust and give the cash to Hershey.

k. Between about July 26, 2009 and August 10, 2009, Defendant Molinar removed approximately $53,479.00 from Johnstown Liquor's cash receipts.

l. On or about April 30, 2010, Defendant Molinar subscribed Form 941 for 2010: Employer's Quarterly Federal Tax Return as owner of Johnstown Liquor.

m. On or about July 6, 2011, Defendant Molinar told IRS Special Agents Garvey and Marcy and IRS Revenue Agent Flagg that she doesn't file income tax returns because she lost her business records in a flood that destroyed the records in the basement of Johnstown Liquor.

n. On or about July 6, 2011, Defendant Molinar told IRS Special Agents Garvey and Marcy and IRS Revenue Agent Flagg that Johnstown Liquor did not charge a fee for cashing checks.

o.  Between approximately July 6, 2011 and September 30, 2011, after the IRS criminal investigators had contacted Defendant Molinar and C.R., Defendant Hershey removed boxes of cash from the Johnstown liquor store.

p.  In or about July 2011, after IRS criminal investigators had contacted Defendant Molinar and C.R., Defendant Hershey directed them to remove all paperwork from the store that would show what the actual sales were.

q.  In or about July or August 2011, Defendant Hershey instructed C.R. to put a new computer system in Johnstown Liquor and to make sure that there were no old records on the new system.

r.  In or about August 2011, C.R. installed a new computer system at Johnstown Liquor.

s.  On or about November 17, 2011, Defendant Molinar executed an Agreement to Sell Personal Property which stated that she sold Johnstown Liquor (the business), its inventory, fixtures, and goodwill to Johnstown Liquor, Inc./B.F.

t.  On or about March 22, 2012, Defendant Hershey sold 1914 Ruddy Court, Johnstown, Colorado, 512 12th Street, Gilcrest, Colorado, and 4403 Quartz Lane, Johnstown, Colorado to R.H.

u.  Between about January 1, 2012 and March 22, 2012, Defendant Hershey negotiated the sale of 21 S. Parish Ave., Johnstown, Colorado, 320 Riviera Lane, Johnstown, Colorado, 913 Elm Street, Milliken, Colorado, and 113 Canal Ave., Johnstown, Colorado from Defendant Molinar to R.H.

v.   On or about March 22, 2012, Defendant Molinar sold 21 S. Parish Ave., Johnstown, Colorado, 320 Riviera Lane, Johnstown, Colorado, 913 Elm Street, Milliken, Colorado, and 113 Canal Ave., Johnstown, Colorado to R.H.

w.  On or about March 28, 2012, Defendant Molinar withdrew $541,868.00 in cash from Johnstown Liquor account #8002 at Colorado East Bank and Trust.

x.   On or about April 6, 2012, Defendant Hershey deposited $462,058.64 into account #0745 at Compass Bank.

y.   On or about April 17, 2012, Defendant Hershey caused $294,964.03 to be wired from account #0745 at Compass Bank to the account of APMEX at J.P. Morgan Chase Bank for the purchase of silver, gold, and platinum bars.

z.   On or about April 24, 2012, Defendant Hershey caused $164,350.82 to be wired from account #0745 at Compass Bank to the account of APMEX at J.P. Morgan Chase Bank for the purchase of silver, gold, and platinum bars.

All in violation of Title 18, United States Code, Section 371.

## <u>COUNT II</u>
### (26 U.S.C.§7201 and 18 U.S.C.§2 - Evasion – Tax Year 2001)

4.     From at least March 15, 2001 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2001, by failing to make an income tax return on or before April 15, 2002, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a.  From on or about March 15, 2001 and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b. From on or about March 15, 2001 and continuing until on or about August 31, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c.  Between approximately July 6, 2011 and September 30, 2011, Defendant Hershey removed boxes of cash from the Johnstown Liquor store.

d.  In or about July 2011, Defendant Hershey directed Renee Molinar and C.R. to remove all paperwork from the Johnstown Liquor store that would show what the actual sales were.

e.  In or about July or August 2011, Defendant Hershey instructed C.R. to install a new computer system in Johnstown Liquor and to make sure that there were no old records on the new system.

All in violation of Title 26, United States Code, Section 7201 and Title 18 United States Code, Section 2.

### COUNT III
### (26 U.S.C. §7201 and 18 U.S.C.§2 - Evasion – Tax Year 2002)

5.     From at least January 1, 2002 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2002, by failing to make an income tax return on or before April 15, 2003, as required by law, to any proper officer of the IRS,

by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a.  From on or about January 1, 2002 and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b.  From on or about January 1, 2002 and continuing until on or about August 3, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c.  Between approximately July 6, 2011 and September 30, 2011, Defendant Hershey removed boxes of cash from the Johnstown Liquor store.

d.  In or about July 2011, Hershey directed Renee Molinar and C.R. to remove all paperwork from the store that would show what the actual sales were.

e.  In or about July or August 2011, Defendant Hershey instructed C.R. to install a new computer system in Johnstown Liquor and to make sure there were no old records on the new system.

All in violation of Title 26, United States Code, Section 7201 and Title 18 United States Code, Section 2.

## COUNT IV
### (26 U.S.C. §7201 and 18 U.S.C. §2 - Evasion – Tax Year 2003)

6.      From at least January 1, 2003 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2003, by failing to make an income tax

return on or before April 15, 2004, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a. From on or about January 1, 2003 and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b. From on or about March 15, 2001 and continuing until on or about August 3, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c. Between approximately July 6, 2011 and September 30, 2011, Defendant Hershey removed boxes of cash from the Johnstown Liquor store.

d. In or about July 2011, Defendant Hershey directed Renee Molinar and C.R. to remove all paperwork from the store that would show what the actual sales were.

e. In or about July or August 2011, Defendant Hershey instructed C.R. to put a new computer system in Johnstown Liquor, and to make sure that there were no old records on the new system.

All in violation of Title 26, United States Code, Section 7201 and Title 18 United States Code, Section 2.

## COUNT V
### (26 U.S.C. §7201 and 18 U.S.C. §2 - Evasion – Tax Year 2004)

7.      From at least January 1, 2004 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and

defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2004, by failing to make an income tax return on or before April 15, 2005, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a.  From on or about January 1, 2004, and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b. From on or about January 1, 2004 and continuing until on or about August 3, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c.  Between about March 1, 2004 and March 15, 2004, Hershey negotiated the sale of Gilcrest Liquor from KMC, Inc. to Gilcrest Liquor, Inc./T.St., and caused K.M. and T.St. to execute an Agreement to Sell Personal Property  on 3/15/04.

d.  Between about May 1, 2004 and May 25, 2004, Hershey negotiated the sale of 505 Railroad Street, Gilcrest, Colorado, from KMC, Inc. to T.S., and caused K.M. to execute a warranty deed on 5/25/04 conveying that property to T.S.

e.  Between approximately July 6, 2011 and September 30, 2011, Defendant Hershey removed boxes of cash from the Johnstown Liquor store.

f.  In or about July 2011, Defendant Hershey directed Renee Molinar and C.R. to remove all paperwork from the store that would show what the actual sales were.

16

g.  In or about July or August 2011, Defendant Hershey instructed C.R. to put a new computer system in Johnstown Liquor and to make sure that there were no old records on the new system.

All in violation of Title 26, United States Code, Section 7201 and Title 18 United States Code, Section 2.

## COUNT VI
### (26 U.S.C. §7201 and  18 U.S.C. §2 – Evasion – Tax Year 2005)

8.      From at least January 1, 2005 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2005, by failing to make an income tax return on or before April 17, 2006, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a. From on or about January 1, 2005 and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b. From on or about January 1, 2005 and continuing until on or about August 3, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c.  Between about August 1, 2005 and August 5, 2005, Defendant Hershey caused C.R. to make cash deposits of just under $10,000 with cash Hershey gave him to the CBRI, Inc. account #0161 at First National Bank.

d.  Between about August 1, 2005 and August 19, 2005, Defendant Hershey negotiated the sale of 512 12th St., Gilcrest, Colorado from M.B. to CBRI, Inc., and caused M.B. to execute a warranty deed dated 8/19/05 conveying the property to CBRI, Inc.

e.  Between about August 16, 2005 and August 19, 2005, Defendant Hershey and caused C.R. to make cash deposits of just under $10,000 with cash Hershey provided, to the CBRI, Inc. account #0161 at First National Bank.

f.  Between approximately July 6, 2011 and September 30, 2011, Hershey removed boxes of cash from the Johnstown Liquor store.

g.  In or about July 2011, Defendant Hershey directed Renee Molinar and C.R. to remove all paperwork from the store that would show what the actual sales were.

h.  In or about July or August 2011, Defendant Hershey instructed C.R. to put a new computer system in Johnstown Liquor, and to make sure that there were no old records on the new system.

All in violation of Title 26, United States Code, Section 7201 and Title 18 United States Code, Section 2.

### COUNT VII
### (26 U.S.C. §7201 and  18 U.S.C. §2 – Evasion – Tax Year 2006)

9.      From at least January 1, 2006 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2006, by failing to make an income tax

return on or before April 16, 2007, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a. From on or about January 1, 2006 and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b. From on or about January 1, 2006 and continuing until on or about August 3, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c. Between about May 1, 2006 and May 15, 2006, Hershey negotiated the sale of Liquor Plus from H.S. to 295173 Corp./T.S. and caused H.S. and T.S. to execute an Agreement to Sell Personal Property in connection with Liquor Plus on May 15, 2005.

d. Between approximately July 6, 2011 and September 30, 2011, Defendant Hershey removed boxes of cash from the Johnstown Liquor store.

e. In or about July 2011, Defendant Hershey directed Renee Molinar and C.R. to remove all paperwork from the store that would show what the actual sales were.

f. In or about July or August 2011, Defendant Hershey instructed C.R. to put a new computer system in Johnstown Liquor, and to make sure that there were no old records on the new system.

All in violation of Title 26, United States Code, Section 7201 and Title 18 United States Code, Section 2.

19

## COUNT VIII
## (26 U.S.C. §7201 and  18 U.S.C. §2 – Evasion – Tax Year 2007)

10.    From at least January 1, 2007 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2007, by failing to make an income tax return on or before April 15, 2008, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a. From on or about January 1, 2007 and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b. From on or about January 1, 2007 and continuing until on or about August 3, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c.  Between approximately July 6, 2011 and September 30, 2011, Defendant Molinar, Defendant Hershey removed boxes of cash from the Johnstown Liquor store.

d.  In or about July 2011, Defendant Hershey directed Renee Molinar and C.R. to remove all paperwork from the store that would show what the actual sales were.

e.  In or about August 2011, Defendant Hershey instructed C.R. to put a new computer system in Johnstown Liquor and to make sure that there were no old records on the new system.

All in violation of Title 26, United States Code, Section 7201 and Title 18 United States Code, Section 2.

## COUNT IX
### (26 U.S.C. §7201 and 18 U.S.C. §2 – Evasion – Tax Year 2008)

11.    From at least January 1, 2008 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2008, by failing to make an income tax return on or before April 15, 2009, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a. From on or about January 1, 2008 and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b. From on or about January 1, 2008 and continuing until on or about August 3, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c.  Between about November 20, 2008 and December 17, 2008, Defendant Hershey directed C.R. to withdraw the cash from C.R.'s account #9410 at Colorado East Bank and give the cash to Hershey.

d.  Between about December 15, 2008 and December 17, 2008, Defendant Hershey caused C.R. to withdraw $50,500.00 from the 295173 Corp d/b/a Liquor Plus account #6001 at Colorado East Bank and Trust in cash and give the cash to Hershey.

e.  Between approximately July 6, 2011 and September 30, 2011, Defendant Hershey removed boxes of cash from the Johnstown Liquor store.

f.  In or about July 2011, Hershey directed Renee Molinar and C.R. them to remove all paperwork from the store that would show what the actual sales were.

g.  In or about July or August 2011, Defendant Hershey instructed C.R. to put a new computer system in Johnstown Liquor, and to make sure that there were no old records on the new system.

All in violation of Title 26, United States Code, Section 7201 and Title 18 United States Code, Section 2.

## COUNT X
### (26 U.S.C. §7201 and 18 U.S.C. §2 – Evasion – Tax Year 2009)

12.    From at least January 1, 2009 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2009, by failing to make an income tax return on or before April 15, 2010, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a. From on or about January 1, 2009 and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b. From on or about January 1, 2009 and continuing until on or about August 3, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c. Between about January 1, 2009 and February 26, 2009, Hershey caused C.R. to withdraw the proceeds of the sale of Liquor Plus from the 295173 Corp d/b/a Liquor Plus account #6001 at Colorado East Bank and Trust in cash and give the cash to Hershey.

d. Between about February 22, 2009 and March 16, 2009, Defendant Hershey caused D.S. to withdraw $334,500 from the 295173 Corp. d/b/a Liquor Plus account #8339 at Guaranty Bank and Trust and give the cash to Hershey.

e. Between approximately July 6, 2011 and September 30, 2011, Defendant Hershey removed boxes of cash from the Johnstown Liquor store.

f. In or about July 2011, Defendant Hershey directed Renee Molinar and C.R. to remove all paperwork from the store that would show what the actual sales were.

g. In or about July or August 2011, Defendant Hershey instructed C.R. to put a new computer system in Johnstown Liquor, and to make sure that there were no old records on the new system.

All in violation of Title 26, United States Code, Section 7201 and Title 18 United States Code, Section 2.

## COUNT XI
## (26 U.S.C. §7201 and  18 U.S.C. §2 – Evasion – Tax Year 2010)

13.     From at least January 1, 2010 and continuing until at least on or about November 17, 2011, the exact dates being unknown to the Grand Jury, in the District of Colorado, the defendant, Alan Timothy Hershey, did willfully attempt to evade and defeat the assessment of a substantial amount of income tax due and owing by him to the United States of America for calendar year 2010, by failing to make an income tax return on or before April 15, 2011, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax, and by engaging in and causing the following acts:

a. From on or about January 1, 2010 and continuing until on or about November 17, 2011, Defendant Hershey caused Renee Molinar to hold herself out as the owner of Johnstown Liquor.

b. From on or about January 1, 2010 and continuing until on or about August 3, 2011, Defendant Hershey caused Renee Molinar and C.R. to use a second set of books for Johnstown Liquor which concealed the business's true gross receipts.

c.  Between approximately July 6, 2011 and September 30, 2011, Defendant Hershey removed boxes of cash from the Johnstown Liquor store.

d.  In or about July 2011, Defendant Hershey directed Renee Molinar and C.R. to remove all paperwork from the store that would show what the actual sales were.

e.  In or about July or August 2011, Defendant Hershey instructed C.R. to put a new computer system in Johnstown Liquor, and to make sure that there were no old records on the new system.

24

f.   On  or  about  November  17,  2011,  Defendant  Hershey  caused  Renee Molinar to transfer Johnstown Liquor to Johnstown Liquor, Inc./B.F.

All  in  violation  of  Title  26,  United  States  Code,  Section  7201  and  Title  18 United States Code, Section 2.

A TRUE BILL


<u>Ink signature on file in Clerk's Office</u>
FOREPERSON


JOHN F. WALSH
UNITED STATES ATTORNEY


By:  s/ Linda Kaufman
Linda Kaufman
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: 303-454-0100
Facsimile: 303-454-0402
E-mail: linda.kaufman@usdoj.gov

Attorney for the United States