**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 14-cr-00281-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **ALAN TIMOTHY HERSHEY**
2. **RENEE MOLINAR**

    Defendants.

_____

**DEFENDANTS' UNOPPOSED MOTION FOR DECLARATION OF COMPLEXITY AND TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)**
_____

    Defendant Alan Timothy Hershey, by and through undersigned counsel Michael F. Arvin, and Defendant Renee Molinar, by and through undersigned counsel Amanda B. Cruser, request that this Court enter an Order removing this case from the time limits established by 18 U.S.C. §3161(c)(1) and granting Defendants a 180-day "ends of justice" continuance pursuant to 18 U.S.C. §3161(h)(7)(A) and (h)(7)(B)(i)-(iv). In support thereof, Defendants state as follows:

## I. Factual Basis

1. Defendant Alan Timothy Hershey is charged in an eleven count felony indictment with one count of conspiring to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the Department of the Treasury in the computation, assessment, and collection of the revenue, namely income, employment and other federal taxes over many tax years, all in violation of 18 U.S.C. § 371. In addition, he is charged with ten counts of willfully attempting to evade and defeat the assessment of a substantial amount of tax due and owing by him to the United States of America by failing to make an income tax return as required by law, and by failing to pay the IRS said income tax for the tax years 2001 through 2010, all in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2.

2. Defendant Renee Molinar is charged with allegedly conspiring to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the Department of the Treasury in the computation, assessment, and collection of the revenue, namely income, employment and other federal taxes, all pursuant to 18 U.S.C. § 371.

3. Counsel for each defendant received a compact disk (CD) from AUSA Kaufman on July 17, 2014 containing 45,191 pages of discovery-related documentation which, upon information and belief, represents the first seven (7) boxes of evidence which the Government will produce pursuant to its discovery obligations. Counsel have also been notified that the Government possesses an additional 13 boxes of records that are currently being processed/scanned that will be available sometime in the

relatively near future. If there exists some sort of math relationship between the number of pages of discovery produced with the processing of the first seven boxes of documents (45,191) and the next thirteen (13) boxes, defense counsel anticipates that there will be additional document production of approximately 84,000 pages, for a total of approximately 129,000 pages of records when the Government believes its discovery obligations are complete.

4.  On July 25, 2014, Counsel for each defendant received a 2-page Memorandum of Interview conducted by IRS Special Agents with a case witness.

5.  On July 30, 2014, Counsel for each defendant received another compact disk (CD) from AUSA Kaufman which contains 2,531 additional pages of discovery.

6.  In addition to the above Government-produced documents, counsel for each defendant has been provided 484 pages of Memoranda of Interview that various civil and criminal-side IRS Agents prepared after conducting interviews with 27 non-Government witnesses over a period of approximately seven (7) years.

7.  Finally, to-date, 379 pages of grand jury testimony have been released to the defense pursuant to the Government's Motion requesting same [Doc. 14][1], and the Court's Order granting the disclosure dated July 17, 2014 [Doc. 19]. Above and beyond the transcripts of testimony of various witnesses before the grand jury, numerous exhibits also accompany the transcripts themselves.

---

[1] [Doc. xx] is the convention used by this writer to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF).

8.      No trial date has been set in this case. A status conference has been set for Monday, August 4, 2014 at 9:00 a.m.. With respect to Ms. Molinar, the seventy (70) day Speedy Trial Act deadline in this case is September 23, 2014. As to Mr. Hershey (who is still detained at this date), the ninety (90) day Speedy Trial Act deadline is October 13, 2014.

## II. Legal Authority and Analysis

9.      The Speedy Trial Act [18 U.S.C. §§ 3161-3174] is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." United States v. Hill, 197 F.3d 436, 440 (10th Cir. 1999). In pursuit of the Act's goals, certain limits apply (expressed in days) which govern the date from the later of indictment or initial appearance by which trial must commence in the case of a defendant on pre-trial release (70 days) [18 U.S.C. § 3161(c)(1)], and a defendant who is detained (90 days) [18 U.S.C. § 3164(b)].

10.     Title 18 U.S.C. §3161(h)(7)(A) empowers a Court shall exclude a period of delay in computing the time within which a trial must commence where "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." The decision to grant an ends of justice continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009).

11.     Title 18 U.S.C. §3161(h)(7)(B)(i)-(iv), sets forth the factors a Court must consider in determining whether to grant an ends of justice continuance. Three of the four factors apply in this case, as follows:

(i) The first factor is "whether the failure to grant such a continuance

4

would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Title 18 U.S.C. §3161(h)(7)(B)(i). In the present case, denying Defendants and their counsel adequate time to review and analyze the mountain of discovery that is still forthcoming, retain experts, interview potential witnesses, and to otherwise perform adequate due diligence would result in a miscarriage of justice.

    (ii) The second factor is "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pre-trial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(7)(B)(ii). This case is complex due to the number of counts charged, the sheer volume of discovery, and the subject matter of the crimes alleged. The Defendants have been charged with a tax conspiracy that allegedly occurred over more than a decade. Further, the Government's investigation of this case has been ongoing for the better part of seven (7) years, and even with the level of diligence on the part of defense counsel which is required in this case of this size and shape, it would be nearly impossible to review the evidence collected by the Government in just a few weeks.

    (iii) The third factor relates to a case in which an arrest preceded the indictment and such factor does not apply in this case.

    (iv) The fourth factor is "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or

5

would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3161(h)(7)(B)(iv). The legal and factual realities of dealing with the subject matter of this case do not lend themselves to motions and trial setting dates within the 70-day (or 90-day) Speedy Trial Act window. Indeed, due to the technical nature of this case, the volume of discovery, the need to retain experts, and the complex legal issues involved in the case, Defendants respectfully submit to this Court that this case should be considered unusual and complex. As an unusual and complex case, it is unreasonable to expect that adequate preparation for pre-trial proceedings, or the trial itself, could be completed within the time limits established by the Speedy Trial Act. Adequate preparation time is a permissible reason for granting a continuance and tolling the forward motion of the Speedy Trial Act mechanism. United States v. Gonzales, 137 F.3d 1431 (10th Cir. 1998).

11. In addition, in the Tenth Circuit we test fact patterns as against four factors, each separate and apart from those recited above, when advocating for a suspension of the Speedy Trial Act provisions. *See* U.S. v. White, 2011 U.S. Dist. LEXIS 127576 (D. Colo. 2011); U.S. v. Rivera, 900 F.2d 1462 (10th Cir. 1999) (citing U.S. v. West, 828 F.2d 1468, 1469 (10th Cir. 1987)) (listing factors). The key relevant factors and our analysis are:

    a. Diligence of the party requesting the continuance. The defendants were charged by way of sealed indictment on July 3, 2014. They were arrested and made their initial appearances on July 14, 2014. Defense counsel began receiving discovery on July 17, 2014, which is fourteen (14) days removed from the date

6

of the filing of this motion. Defense counsel therefore believe that they have been diligent in requesting the suspension of the Speedy Trial clock in this case.

        b. <u>The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance</u>. Defense counsel, in addition to functioning as such in this case, are both experienced and long-licensed CPAs in the State of Colorado. In Mr. Arvin's case, these accountant attributes extend beyond thirty (30) years at this date. Understanding the level of complexity in cases such as this one, both from having seen so many of them as a federal prosecutor for the U.S. Department of Justice Tax Division (in the case of Mrs. Cruser), and from the perspective of an experienced tax accountant and defense lawyer (in the case of Mr. Arvin), both believe that with diligence, the suspension period requested will allow for the level of technical analysis required to adequately address pre-trial motions and, equally, the tax loss calculations which are integral to almost every major consequence in a criminal tax case. The assigned IRS Special Agents and Assistant U.S. Attorney have worked for months (and indeed years) on their own analysis and on their own computations. Defense counsel believes that the additional six (6) months requested herein should provide adequate time for defense analysis and "catch up".

        c. <u>The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance</u>. Since a trial date has not yet been set in this case, and since AUSA Kaufman has indicated that the Government does not oppose the Court's grant of this motion, little in terms of potential inconvenience has been detected by defense counsel at this date.

d. <u>The need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance</u>. If defense counsel were forced to prepare for and conduct a criminal trial in this case within the (now remaining) allotted time before the Speedy Trial clock runs, it is a relative certainty that the necessary, discrete steps of interviewing dozens of witnesses, thorough review of bank and other financial records, testing of the Government's tax loss calculation, preparation of proposed jury instructions, as well as the many other tasks to be accomplished to prepare for such a trial would each suffer to some noticeable degree. Collectively, defense counsel believes that they could not be adequately prepared for such a trial within the time now remaining.

### III. Conclusion and Request for Order

12.     Given the voluminous nature of the discovery in the case, a significant amount of which is yet to be produced at this date, there will not be enough time for undersigned counsel to review and digest the discovery in order to prepare timely pretrial motions, or adequately prepare for trial, if the current Speedy Trial deadlines are adhered to.

13.     While the numerous charges themselves may not be complex, the underlying factual basis spans a period of twelve (12) years and is, from what defense counsel has seen and analyzed so far, quite complicated. The case will require thorough defense investigation, careful review of the voluminous discovery, locating and interviewing potential witnesses (those already identified and interviewed by the Government (27) and others who would serve solely as defense witnesses), and reviewing Internal Revenue Service practices and procedures. Accordingly,

undersigned counsel does not believe that the timelines imposed by 18 U.S.C. § 3161 will afford enough time to properly and adequately prepare a defense for trial for either defendant.

14. Additionally, the Defendants may need to locate and retain their own expert(s), who will, in turn, also need to review large portions of the discovery.

15. For all of the reasons set forth herein, Defendants and their undersigned counsel are requesting this Court exclude 180 days from the Speedy Trial Act to allow them to review the discovery, retain experts if necessary, and perform the other due diligence necessary to file pretrial motions and prepare for trial.

16. Assistant United States Attorney Linda Kaufman has indicated that the Government does not object to this Motion.

17. Accordingly, Defendants respectfully request that the Court enter an Order finding that this matter is complex, that the ends of justice would be served by removing this case from the time limits dictated by Title 18 U.S.C. §3161(c)(1), and excluding 180 days from the Speedy Trial Act pursuant to Title 18 U.S.C. §3161(h).

Respectfully submitted this 1st day of August, 2014.

s/Amanda B. Cruser
*Amanda B. Cruser*
Boog & Cruser, P.C.
3333 S. Wadsworth Blvd., D-201
Lakewood, CO 80227
Phone: (303) 986-5769
Fax: (303) 985-3297
abcruser@vfblaw.com
Attorney for Defendant Renee Molinar


s/Michael F. Arvin
*Michael F. Arvin*
Attorney at Law
3773 Cherry Creek North Drive, #575
Denver, CO 80209-3823
Phone: (303) 629-6640
Fax: (303) 629-6679
Attorney for Defendant Alan Timothy Hershey

## CERTIFICATE OF SERVICE

      I hereby certify that on August 1st, 2014, I electronically filed the forgoing **DEFENDANTS' UNOPPOSED MOTION FOR DECLARATION OF COMPLEXITY AND TO EXCLUDE TIME WITHIN WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

Linda S. Kaufman, Assistant U.S. Attorney
U. S. Department of Justice
1225 17th Street, Suite 700
Denver, Colorado 80202
Linda.Kaufman@usdoj.gov

                                              s/Amanda B. Cruser_____
                                              *Amanda B. Cruser*