# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-281-CMA-1    )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
     Plaintiff,                     )
                                     )
v.                                   )
                                     )
1.    **ALAN TIMOTHY HERSHEY**,         )
                                     )
     Defendant.                     )

---

## MOTION FOR REVOCATION OF DETENTION ORDER
## AND THE SETTING OF CONDITIONS OF RELEASE

---

### I. Factual Recitation

1.    On July 14, 2014, Mr. Hershey was arrested and made his initial appearance before U.S. Magistrate Judge Boyd N. Boland in this case. The Government requested a continuance of the required detention hearing and same was granted under the automatic continuance mechanism contained in the flush language appearing at 18 U.S.C. § 3142(f).

2.    On July 17, 2014, a detention hearing was held before U.S. Magistrate Judge Boland pursuant to 18 U.S.C. § 3142(f)(2)(A). Defendant was detained at the conclusion of that hearing on grounds that he posed a flight risk, and that no condition or combination of conditions would assure his appearance at future proceedings.

3.      On July 18, 2014, Judge Boland issued his written Order of Detention [Doc. 21]¹ wherein it is stated that:

> "[T]he unrebutted evidence before me is that the defendant over a period of many years has accumulated millions of dollars in cash and precious metals while concealing his involvement in business transactions and his assets. In short, the defendant has taken extreme steps to minimize his public visibility and, in the words of the United States, he is poised to flee. Although the defendant has some family in the community and no criminal record, he owns no real estate, automobiles, or other registered assets; he has only one bank account, recently opened; he has no credit cards or credit history, no public address. . . ."

As a result of Judge Boland's Order, Mr. Hershey is currently being held, pre-trial, in the Federal Detention Center at Littleton, Colorado, and has been so incarcerated since July 14, 2014.

4.      This Court has the authority to independently review the facts relevant to Mr. Hershey's unique profile, including whether Mr. Hershey presents a "serious" risk of flight, and to make its own findings concerning the defendant's future pre-trial status. It can and should determine anew whether Mr. Hershey will continue to be detained, or released subject to a combination of conditions--of the Court's design--that would greatly reduce any perceived risk of flight and assure his appearance at future proceedings in this case. *See* 18 U.S.C. § 3145(b) (authority to review magistrate's detention order) and U.S. v. Cisneros, 323 F.3d 610, 616 n.1 (10th Cir. 2003)(standard of review of magistrate's detention order is *de novo* by a U.S. District Court Judge). "The district court should fully reconsider the magistrate's denial of bail and, in ruling on

---

¹ [Doc. ##] is a convention used by this writer to identify specific papers filed in the Court's case management and electronic filing system (CM/ECF).

2

a motion for revocation or amendment, should not simply defer to the judgment of the magistrate but should reach its own independent conclusion on the merits." U.S. v. Leon, 766 F.2d 77, 80 (2d Cir. 1985), and cases cited therein. In this connection, and in order to more fully challenge the Government's position, to present Mr. Hershey's unique release profile, and to suggest proposed parameters for supervision the defense requests that a hearing be held at the Court's earliest convenience.

## II. Legal Authority and Argument

5. The Bail Reform Act of 1984 (18 U.S.C. §§ 3141-3150), along with relevant case law, governs the determination of pre-trial release or detention as to all federal defendants. In this case, 18 U.S.C. § 3142(g) contains the statutory standards to be followed in determining whether a defendant shall be released or detained pending trial. That subsection states, in relevant part, that:

> "[T]he judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

Also contained within the statute are provisions [18 U.S.C. § 3142(e)(2) and (3)] which put into play a rebuttable presumption in favor of detention in the case of defendants charged with several enumerated categories of crimes, including but not limited to: a) drug crimes involving a maximum term of imprisonment of ten (10) years or more; b) crimes involving minor victims; and c) crimes of violence or terrorism. Other features of a defendant's particular fact pattern may also operate to place the same rebuttable presumption in favor of detention into the mix e.g. prior conviction for selected crimes while on pre-trial release and where (the later of) the date of conviction or release is within five (5) years of date of present detention hearing.

Review of each factor listed in 18 U.S.C. § 3142(g), as applied to Mr. Hershey's fact pattern, reveals that:

6.  <u>Nature and Circumstances of the Offenses Charged (18 U.S.C. § 3142(g)(1))</u>: Mr. Hershey is charged with multiple federal tax felonies[2]. Tax crimes are not crimes of violence or terrorism, nor do they involve minor victims. They are not drug crimes, and do not involve firearms, explosives or other destructive devices. In short, the crimes Mr. Hershey is alleged to have committed do not comprise the types making

---

[2] Even the Title 18 conspiracy charge (18 U.S.C. § 371) appearing as Count One in the indictment in this case is [uniquely] adapted as a tax-type felony and is known among criminal tax practitioners as a *Klein* conspiracy. <u>U.S. v. Klein</u>, 247 F. 2d 908 (2d Cir. 1957).

4

the statutory presumption in favor of detention applicable in this case.

      7.      <u>Weight of Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>: While the Government believes that the weight of evidence against the defendant is substantial and relies on the fact that the grand jury returned an indictment as proof of its assertion, this factor is to be accorded the least weight of all of the elements to be considered. <u>U.S. v. Motamedi</u>, 767 F.2d 1403, 1408 (9th Cir. 1985).

      8.      <u>The History and Characteristics of the Person (18 U.S.C. § 3142(g)(3))</u>: Under this multi-pronged factor, the Court must consider Mr. Hershey's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

      a) <u>Mr. Hershey's Character & Past Conduct</u>: The defendant has no prior criminal history, and even his record with regard to minor traffic offenses is very moderate. Aside from the instant alleged offenses, Mr. Hershey is not one who has found himself in any appreciable criminal (or civil) trouble with either federal or state authorities at any time in his life. Mr. Hershey is now age forty-nine (49).

      b)<u> Physical and Mental Condition:</u> The defendant has no physical or mental condition that would counsel against release. He has rarely used intoxicants in the past.

      c) <u>Family Ties, Length of Residence in the Community and Community Ties</u>: Mr. Hershey is an American citizen by birth and does have family ties in Colorado

and elsewhere in the United States, in addition to long-term friendships with people in this state that stretch back decades. While Mr. Hershey's father recently passed away, his mother and uncle continue to live in the greater Denver metro area and are here to support him. Mr. Hershey has been present along the Front Range of Colorado for thirty (30) years, with the exception of customary vacation time, and has been involved in several businesses here during that time. He obtained his first and original driver's license here and has renewed his driver's license only in the State of Colorado, where on April 22, 2013 (the date of his last renewal) he declared his current home (street) address as his address of record.

   d) <u>Employment and Financial Resources</u>: It is customary for counsel in criminal tax and other financial crime cases to withhold details regarding the defendant's asset/liability and income/expense profile because alleged participation in activities underlying the nature of the current charges can sometimes be intertwined with that profile and, therefore, can (possibly) raise Fifth Amendment concerns. Here, summary non-disclosure of potential financial resources was sought by counsel and communicated to U.S. Pre-Trial Services at Mr. Hershey's post-arrest initial interview, as is counsel's custom in all cases of this kind regardless of what a defendant's present balance sheet and income statement may look like. Mr. Hershey's employment profile, in the past, has been tied to involvement in the businesses referenced above. Upon release and if permitted by the Court, he will seek current employment.

   e) <u>History of Appearance for Court Proceedings</u>: Since he has no prior criminal history or record, the defendant likewise has no history of trouble with court

appearances. Looking to the future, there is simply no reliable evidence to suggest that Mr. Hershey will jump bail and any supposition or innuendo that he will flee now is, at most, speculation. The Government's main theme seems to be that Mr. Hershey would now be motivated to run based upon the seriousness of the charges against him and the tools he allegedly possesses to facilitate flight e.g. a large quantity of U.S. currency. In short, the thrust of the Government's case is that defendants facing serious federal charges and who have cash at their disposal will flee. But if these factors suggest opportunities for flight, they hardly establish any inclination on the part of this defendant to flee. And other evidence supports the inference that he is not so inclined.

Mr. Hershey hired the undersigned three years ago. As the Court can surely imagine, a number of discussions have been held between counsel and the defendant wherein he was informed that federal criminal tax charges could possibly be forthcoming, what the penalties could be for the various types of charges that were discussed, and that jail time was a possibility. In reaction, Mr. Hershey did not take advantage of any of a number of opportunities to flee and, indeed, has simply waited—in plain sight—for this case to unfold.

As a further illustration of his intentions to remain in Colorado in plain sight, and long after becoming aware of the existence of a criminal tax investigation and possible related federal prosecution that could be directed at him, Mr. Hershey renewed his Colorado Driver's License and listed his current home street address as his address of record for the files of the Division of Motor Vehicles, as stated above. It was at this street address that defendant was arrested on July 14, 2014. He was "arrested. . .

.without incident", according to a July 15, 2014, press release from the U.S. Attorney's Office for the District of Colorado (http://www.justice.gov/usao/co/news/2014/jul/7-15-14.html--last visited by this writer on August 10, 2014).

9. <u>Nature and Seriousness of Danger to Any Person or the Community that Would be Posed by the Person's Release</u>: Nothing in Mr. Hershey's profile suggests, nor has the Government advocated in the past, that the defendant's release would pose a danger to any person in particular, or to the community at large.

### III. Presumption Favors Release

10. Unless the charges in a particular case give rise to the statutory presumption of detention, release is to be favored. "Federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail." <u>U.S. v. Motamedi</u>, 767 F.2d at 1405 (citing <u>Stack v.Boyle</u>, 342 U.S. 1, 4 (1951)); "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. See <u>Hudson v. Parker</u>, 156 U.S. 277, 285 (1895). Unless this right. . .is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning. <u>Boyle</u>, 342 U.S. 1 (S. Ct. 1951)."

11. "Only in rare circumstances should release be denied." <u>Motamedi</u>, 767 F.2d at 1405 (citing <u>Sellers v. United States</u>, 21 L.Ed. 2d 64, 89 S. Ct. 36, 38 (1968)(Black, J., in chambers); <u>United States v. Schiavo</u>, 587 F.2d 532, 533 (1st Cir. 1978); <u>United States v. Abrahams</u>, 575 F.2d 3, 8 (1st Cir.), cert. denied, 439 U.S. 821 (1978)). <u>Motamedi</u>, 767 F.2d at 1407 "doubts regarding the propriety of release should

be resolved in favor of the defendant." Herzog v. United States, 75 S. Ct. 349, 351 (1955) (Douglas, J., in chambers); United States v. McGill, 604 F.2d 1252, 1255 (9th Cir. 1979), cert. denied, 444. U.S. 1035.

12. Additionally, the Bail Reform Act mandates release of a person facing trial under "the least restrictive" condition or combination of conditions that will reasonably assure the appearance of the person as required. *See* 18 U.S.C. § 3142(c)(1)(B).

13. Opportunity to flee is not enough to justify detention as the Bail Reform Act does not seek ironclad guarantees. United States v. Himler, 797 F.2d 156 (3rd Cir. 1986). Mere opportunity for flight is not sufficient grounds for pretrial detention. *Cf.* Virgin Islands v. Leycock, 678 F.2d 467, 469 (3d Cir. 1982). The requirement that the conditions of release "reasonably assure" a defendant's appearance cannot be read to require guarantees against flight. Motamedi at 1407 ["we are not unmindful of the presumption of innocence and its corollary that the right to bail should be denied only for the strongest of reasons (citing Truong Dinh Hung v. United States, 439 U.S. 1326, 1329 (1978)). United States v. Chen, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992).

14. The Government's burden of proof for detention is not trivial. It must prove by a preponderance of the evidence that the defendant poses a "serious" flight risk. 18 U.S.C. § 3142(f)(2)(A)("a serious risk that the person will flee;"); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). It has failed to do so in this case.

WHEREFORE, for all of the foregoing reasons, including the additional observations and arguments that will be made at hearing, the defendant respectfully asks this Court to release him and to impose the least restrictive set of conditions it deems proper to assure his appearance for future proceedings in this case.

Dated: August 12, 2014

/s/ Michael F. Arvin
**Michael F. Arvin**
Michael F. Arvin, Attorney, PC
3773 Cherry Creek North Drive
Suite 575
Denver, CO 80209-3825
Telephone: (303) 629-6640
FAX: (303) 629-6679
E-mail: arvinlawoffices-ecf@arvin-denver.com
Attorney for Defendant Alan Timothy Hershey

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2014, I electronically filed the foregoing **MOTION FOR REVOCATION OF DETENTION ORDER AND THE SETTING OF CONDITIONS OF RELEASE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Linda S. Kaufman
Assistant U.S. Attorney
1225 17th St., Suite 700
Denver, Colorado 80202
Linda.Kaufman@usdoj.gov
Attorney for Plaintiff

Amanda B. Cruser
Boog & Cruser, P.C.
3333 S. Wadsworth Blvd., D-201
Lakewood, CO 80227
Phone:  (303) 986-5769
Fax:  (303) 985-3297
abcruser@vfblaw.com
Attorney for Defendant Renee Molinar

                                                                s/ Michael F. Arvin