**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 14-cr-00281-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALAN TIMOTHY HERSHEY,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION
OF DETENTION ORDER AND THE SETTING OF CONDITIONS OF RELEASE**

---

      This matter is before the Court on Defendant's Motion for Revocation of Detention Order and the Setting of Conditions of Release.   (Doc. # 29.)   After a *de novo* review, the Court finds that the unrebutted evidence presented by the Government at the detention hearing demonstrates that Defendant has a substantial history of concealing assets and, in particular, concealing cash and other fungible property such as precious metals.   Based on the evidence presented, Defendant has significant resources at his disposal to enable him to abscond and, due to the nature of the charged offenses, the weight of the evidence against Defendant, and the evidence of Defendant's use of sophisticated means to evade detection and compliance with federal law, the Court concludes that there are no conditions of release that will reasonably assure the appearance of Defendant   As such, the Court denies the motion.

# I. <u>STANDARD OF REVIEW</u>

The Court's review of the Magistrate Judge's order of detention is *de novo.   See*

*United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).   Under this standard of

review, the Court must judge the issues anew, but in so doing, the Court may utilize the

factual and evidentiary record developed during the detention hearing before Magistrate

Judge Mix.   The Court, however, must reach its own findings of fact and conclusions of

law.   *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) (finding that on *de novo*

review, a district court "should not simply defer to the judgment of the magistrate, but reach

its own independent conclusion").

Under the Bail Reform Act, a defendant may be detained pending trial only if

a judicial officer finds "that no condition or combination of conditions will reasonably

assure the appearance of the person as required and the safety of any other person and

the community."   18 U.S.C. § 3142(e); *id.* § 3142(b), (c).   The government has the

burden of proof.   It must prove risk of flight by a preponderance of the evidence and it

must prove dangerousness to any other person or to the community by clear and

convincing evidence.   *Cisneros*, 328 F.3d at 616 (citations omitted).

# II. <u>BACKGROUND</u>

Defendant is charged with one count of Conspiracy to Defraud the United States in

violation of 18 U.S.C. § 371 and ten counts of income tax evasion in violation of 26 U.S.C.

§ 7201 and 18 U.S.C. § 2.   (Doc. # 1.)

On July 17, 2014, Magistrate Judge Boland held a detention hearing at which he ordered Defendant detained pending his trial on grounds that he posed a flight risk, and that no condition or combination of conditions would assure his appearance at future proceedings.   (Doc. ## 17, 18, 21, and 25.)   In his written Order of Detention (Doc. # 21), Judge Boland stated:

> [T]he unrebutted evidence before me is that the defendant over a period of many years has accumulated millions of dollars in cash and precious metals while concealing his involvement in business transactions and his assets. In short, the defendant has taken extreme steps to minimize his public visibility and, in the words of the United States, he is poised to flee. Although the defendant has some family in the community and no criminal record, he owns no real estate, automobiles, or other registered assets; he has only one bank account, recently opened; he has no credit cards or credit history, no public address. . . .

As a result of Judge Boland's Order, Defendant is currently being held, pre-trial, in the Federal Detention Center at Littleton, Colorado, and has been so incarcerated since July 14, 2014. Defendant challenges that ruling.

## III.  DISCUSSION

Although the charges in this case are serious offenses, they are presumptively bailable offenses pursuant to 18 U.S.C. § 3142.   The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)   the weight of the evidence against the person;

3

    (3)   the history and characteristics of the person including –

        (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

      The Court has conducted the requisite *de novo* review of this matter.  It finds that, on balance, the factors weigh in favor of continued detention.  Defendant asserts that the Court should grant him pretrial release subject to certain restrictions that he contends will reasonably assure the safety of the community and his appearance over the course of these criminal proceedings.

      First, the Court accepts Defendant's description of his history, residence, family background, family ties, employment history, financial resources, criminal record, length of residence in the community, community ties, and health, as set forth in his motion.

      At the combined detention and arraignment hearing held on July 17, 2014, Defendant was represented by privately retained counsel.   The government presented the testimony of Special Agent Mike Garvey of the Internal Revenue Service, Criminal Investigation Division and entered into evidence documents that supported Agent

Garvey's testimony.   In his Order, Judge Boland very succinctly and accurately captured the unrebutted facts that supported his conclusion that Defendant is a flight risk.   In its response to the motion, the government has provided a detailed summary of those facts which the Court will reference, as necessary.

The first two factors of 18 U.S.C. § 3142(g) – the nature and circumstances of the offense charged and the weight of the evidence against the defendant – weigh heavily in favor of continued detention.   The unrebutted evidence presented at the July 17, 2014 detention hearing established that, over an extended period of time, the defendant acted very deliberately and deceitfully and on a daily or almost-daily basis to conceal his access to substantial assets in order to defraud the government and to evade the assessment of federal taxes. *See* Doc. # 34, ¶ 4.

On first blush, the third factor – the history and characteristics of the defendant – appear to weigh in favor of release.   Defendant has no prior criminal history other than minor traffic infractions.   He has no physical or mental conditions about which the Court need be concerned.   However, these characteristics also provide Defendant with the ways, means, and motives to eschew prosecution and possible incarceration in a federal penitentiary.   Of particular concern to this Court is the unrebutted evidence regarding Defendant's financial resources and the manner and means by which he acquired these substantial resources.   Over a period of many years, Defendant has engaged in a pattern of concealing his activities, income, and assets, and has taken extreme measures to minimize his public visibility and traceability.   Defendant was shown to be an intelligent

and savvy business man who showed no hesitation to use fraud and other illegal means to increase his wealth and who is able to persuade others to act, even when not necessarily in their own best interests, to further his goals.   He has repeatedly used sophisticated means to conceal his activities and his true income.   Defendant has chosen not to disclose to this Court any information relating to his current finances, other than to reveal that he is unemployed.   Given his age, financial means, the weight of the evidence, and the possible sentence of imprisonment, Defendant has significant reasons to abscond. *See* (Doc. # 34, ¶¶ 1, 2, 5, 6).   Accordingly, given the opposing aspects of this factor, the Court finds that this factor weighs in favor of detention.

The fourth factor – the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release – is the only one that weighs in favor of pre-trial release.

Based on the evidence presented, Defendant has significant resources at his disposal to enable him to abscond and, due to the nature of the charged offenses, the weight of the evidence against Defendant, and the evidence of Defendant's use of sophisticated means to evade detection and compliance with federal law, the Court concludes that there are no conditions of release that will reasonably assure the appearance of Defendant

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required.   Therefore, it is ORDERED as follows:

1. Motion for Revocation of Detention Order and the Setting of Conditions of Release (Doc. # 29), is DENIED;

2. The Court approves, adopts, and incorporates into this Order, the Magistrate Judge's Order of Detention (Doc. # 21), entered July 17, 2014.   Thus, **continued detention is warranted**.

DATED:  August   __22__, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge