IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-281-CMA-1      )
                                       )
UNITED STATES OF AMERICA,              )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )
                                       )
1.   **ALAN TIMOTHY HERSHEY**,            )
                                       )
    Defendant.                         )

---

**MOTION FOR RECONSIDERATION OF THIS COURT'S PRIOR ORDER
CONTINUING DEFENDANT'S PRE-TRIAL DETENTION**

---

    1.    On August 12, 2014, the Defendant filed his Motion for Revocation of Detention Order and the Setting of Conditions of Release [Doc. 29][1] in this case. The Government responded to Defendant's Motion [Doc. 30-35], and by way of its Order dated August 22, 2014 this Court formally denied Mr. Hershey's Motion for Revocation. In the process, the Court approved, adopted and incorporated into its own Order U.S. Magistrate Judge Boland's original Order of Detention, concluding itself that "no condition or combination of conditions will reasonably assure Defendant's appearance as required" [Doc. 36, Order dated August 22, 2014, Sec. IV thereof].

---

[1] [Doc. ##] is a convention used by this writer to identify specific papers filed in the Court's case management and electronic filing system (CM/ECF).

1

2. In making its initial decision, it was within the Court's prerogative to issue its Order without conducting an evidentiary hearing, and it did so without the benefit of such a hearing. In the course of making its decision regarding the instant Motion, the Court may still elect to conduct a hearing or, in the alternative, may base its reconsideration decision simply upon the papers filed. In this connection, Defendant hereby renews his request that the Court conduct an evidentiary hearing in connection with its decision regarding his continued pre-trial detention, as he believes that such a forum presents a vital opportunity to rebut and challenge certain of the Government's evidence (now that he and his counsel have had an opportunity to review and analyze even just some of that evidence, all of which was unavailable to counsel and the Defendant on the date of the original detention hearing), and to present new evidence which he believes will be influential.

3. Observing that the Government spent a good portion of its presentation time before U.S. Magistrate Judge Boland detailing the generation of, and continuing possession of, large amounts of U.S. currency by both co-defendants--but especially Mr. Hershey--the defense anticipates rebuttal of portions of the Government's evidence to address these very matters.

4. Should the Court, either with or without the benefit of an evidentiary hearing and upon reconsideration, reverse its initial determination and now decide that pre-trial release is appropriate in Mr. Hershey's situation, the Defendant proposes the following seven (7) conditions of release:

a. Appearance bond in an appropriate amount and secured by several parcels of real property situated in Weld County, Colorado, title to each of which resides in the Defendant's name (the Government represented at the original detention hearing that the Defendant owned no real property within the State of Colorado, which is not true);

b. GPS-based active monitoring (ankle bracelet) with the monthly costs thereof to be borne by the Defendant (statistics do show that a very high percentage of all defendants subject to GPS-based monitoring honor their commitments to future court appearances. When the GPS-based compliance rate is measured for that subset of so-called "white collar" defendants, the appearance rate is even higher).

c. Home detention with travel privileges to be limited only to attorney visits, medical treatment, court appearances, home necessities shopping and employment, with any travel for any purpose to be approved in advance by Mr. Hershey's assigned Pre-Trial Services Officer;

d. Seek and maintain employment (it is already known that Mr. Hershey can be employed by his uncle's well-established Denver area garage door installation company);

e. Other conditions falling within the category of "strict supervision", as ordered by the Court, and which will be carried out through voluntary cooperation by the Defendant in coordination with his assigned Pre-

      Trial Services Officer;

f. Immediate relinquishment of Defendant's passport to the Clerk's Office; and

g. Compliance with all of the other standard conditions of release.

WHEREFORE, for all of the foregoing reasons, the Defendant respectfully asks that this Court schedule an evidentiary hearing in this matter, and at its conclusion grant this Motion for Reconsideration by releasing Mr. Hershey subject to all conditions which the Court shall deem appropriate.

Dated: September 5, 2014

<u>/s/ Michael F. Arvin</u>
**Michael F. Arvin**
Michael F. Arvin, Attorney, PC
3773 Cherry Creek North Drive
Suite 575
Denver, CO 80209-3825
Telephone: (303) 629-6640
FAX: (303) 629-6679
E-mail: arvinlawoffices-ecf@arvin-denver.com
Attorney for Defendant Alan Timothy Hershey

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of September, 2014, I electronically filed the foregoing **MOTION FOR RECONSIDERATION OF THIS COURT'S PRIOR ORDER CONTINUING DEFENDANT'S PRE-TRIAL DETENTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Linda S. Kaufman
Assistant U.S. Attorney
1225 17th St., Suite 700
Denver, Colorado 80202
Linda.Kaufman@usdoj.gov
Attorney for Plaintiff

Amanda B. Cruser
Boog & Cruser, P.C.
3333 S. Wadsworth Blvd., D-201
Lakewood, CO 80227
Phone:  (303) 986-5769
Fax:  (303) 985-3297
abcruser@vfblaw.com
Attorney for Defendant Renee Molinar

                                         s/ Michael F. Arvin