IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-281-CMA-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  **ALAN TIMOTHY HERSHEY,**
2.  RENEE MOLINAR,

      Defendants.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT ALAN TIMOTHY HERSHEY'S MOTION
FOR RECONSIDERATION OF THIS COURT'S PRIOR ORDER CONTINUING
DEFENDANT'S PRE-TRIAL DETENTION (Doc. #38)**
_____

The United States of America, by and through John F. Walsh, United States Attorney for the District of Colorado, and Assistant United States Attorney Linda Kaufman, opposes the defendant's Motion for Reconsideration of This Court's Prior Order Continuing Defendant's Pre-Trial Detention (Doc. #38), and as grounds therefor, states as follows:

1.      On July 14, 2014 the defendant was arrested on a warrant issued in this case. On July 17, 2014, after an evidentiary hearing, the defendant was ordered detained by Magistrate Judge Boland. The defendant was present at that hearing and represented by counsel.

2.      On August 12, 2014, the defendant filed his Motion for Revocation of Detention Order and the Setting of Conditions of Release. (Doc. #29.) The defendant

1

requested this Court conduct a de novo review of the magistrate judge's detention order pursuant to 18 U.S.C. §3145(b). This Court granted the requested de novo review, and in a detailed written opinion, set forth its reasons for denying the defendant's motion. (Doc. #36.)

3.      Without citing any legal authority, the defendant now seeks to have this Court review its own order. The Court should deny the motion.

4.      The Bail Reform Act of 1984 provides distinct remedies to a pretrial detainee who wishes to challenge his detention order:

   a)  First, a detainee may move to have the detention hearing reopened:

   > The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

   18 U.S.C. §3142 (f)(2)(B).

   b)  Second, a person ordered detained by a magistrate judge may file a motion for revocation of the order with the court having original jurisdiction over the offense. 18 U.S.C. §3145(b).

   c)  Third, a defendant may appeal a detention order issued by a district court or a decision by a district court denying revocation of such an order to the court of appeals, 18 U.S.C. §3145(c); 28 U.S.C. §1291.

5.      Pursuant to §3142(f)(2)(B), the judicial officer who conducted the detention hearing is permitted, but not required, to reopen the hearing. He is permitted to reopen it

only if he finds that information exists that was not known to the defendant at the time of the hearing, and that such information has a material bearing on the issue of conditions of release.

6.      It appears to the government that the defendant is attempting to circumvent the requirements of §3142(f)(2)(B) and the likely futility of an appeal under §3145(c) by simply applying to this Court to "reconsider" its admittedly valid de novo review.  There is no authority for this Court to permit such a circumvention of the established statutory scheme of review. If the defendant's motion sought relief under §3142(f)(2)(B), it would be insufficient as a matter of law because it fails to identify any information that now exists that was not known to the defendant at the time of the detention hearing which would be material to the issue of release on conditions.

7.      The defendant does not state that his ownership of real estate situated in Weld County, Colorado is the "new evidence which he believes will be influential." He does, however, intimate that the government made untrue representations relating to his ownership of property at the detention hearing. In fact, it did not. The transcript of that hearing contains the following pertinent questions and answers from the direct examination of Special Agent Garvey:

> Q.    Are you aware of any real estate owned by the defendant, Timothy Hershey, in the State of Colorado?
> A.    No, I'm not.
> Q.    Are you aware of any real estate owned by Timothy Hershey elsewhere?
> A.    No.

(Doc. #34-1 at 5.) In argument, the undersigned merely stated:

> He has no ownership of real property in Colorado or elsewhere that we're aware of.

(Doc. #34-1 at 36.) On July 17, the government was unaware that Defendant Hershey owned any real estate. The defendant failed to assert his ownership of any real property either at the July 17 detention hearing or even in his Motion for Revocation of the Detention Order and the Setting of Conditions of Release (Doc. #29), which he filed on August 12, 2014. Upon receipt of the instant motion, the government again examined the records of the Weld County Clerk and Recorder and for the first time learned that two parcels of property, 213 S. Norma Avenue, Milliken, Colorado, and 110 Katsura Circle, Milliken, Colorado, had been quit-claimed to the defendant by Thea Siehl on July 11, 2014. (Attachment 1.) These properties are among those alleged to have been purchased by the defendant in the name of a nominee in furtherance of his conspiracy to defraud the United States. (Doc. #1 at 7.)

8.    The evidence presented at the detention hearing showed that another nominee, Charles Reichert, had purchased three properties at the defendant's direction and later quit-claimed them to the defendant. Shortly thereafter, the defendant liquidated those properties and purchased gold, silver, and platinum with the proceeds. (Doc. #34-1 at 13-14[1], 22-25.) The government finds it noteworthy that the defendant was taken into custody only three days after the S. Norma Ave. and Katsura Circle properties were quit-claimed to him, and thus likely did not have an opportunity to liquidate them. The government's position is that the defendant's failure to reveal or

---

[1] In the transcript, "Siehl" is misspelled as "Seal."

4

acknowledge his ownership of property until his efforts to be released on bond had twice failed, combined with the circumstances and timing of his acquisition of the Katsura and S. Norma properties, suggests that had he been released on bond, he would have liquidated those properties, just as he liquidated the properties he acquired via quit-claim deed from Charles Reichert in 2012. Thus, his current ownership of those properties hardly supports his request for release on conditions. To the contrary, it reaffirms the government's position that he has continued to conceal his assets and poses a serious risk of flight.

9.     Further, the U.S. Pretrial Services Officer has stated to the undersigned that her recommendation of detention has not changed. The defendant has failed to disclose any information relating to his current finances or ownership of assets to her, other than to reveal that he is unemployed.

10.     Finally, the plaintiff reasserts its position as articulated in its Response to Defendant Timothy Alan Hershey's Motion for Revocation of Detention Order and the Setting of Conditions of Release (Doc. #29) as applicable here.

WHEREFORE, the plaintiff respectfully requests that this Court deny the Defendant's Motion for Reconsideration of This Court's Prior Order Continuing Defendant's Pre-Trial Detention.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By: s*/ Linda Kaufman*
Linda Kaufman
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: Linda.Kaufman@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 15th day of September, 2014, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT ALAN TIMOTHY HERSHEY'S MOTION FOR RECONSIDERATION OF THIS COURT'S PRIOR ORDER CONTINUING DEFENDANT'S PRE-TRIAL DETENTION (Doc. #38)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record,

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Ms. Christine Zorn
Pretrial Services Officer
E-mail: Christine_Zorn@cod.uscourts.gov

By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant to AUSA Linda Kaufman
United States Attorney's Office
1225 - 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0244
Fax: (303) 454-0402
E-mail: solange.reigel@usdoj.gov

7