IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-281-CMA-1    )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )
                                     )
1.   **ALAN TIMOTHY HERSHEY**,          )
                                     )
    Defendant.                       )

---

**MOTION TO RE-OPEN DETENTION HEARING**

---

    1.    On July 17, 2014, the Honorable Boyd N. Boland, U.S. Magistrate Judge, conducted the original detention hearing in this case. At the conclusion of that hearing, Defendant Hershey was ordered detained [Doc. 18][1]. Judge Boland issued his Order of Detention on July 18, 2014 [Doc. 21], reasoning that, based upon the evidence presented at the detention hearing, Mr. Hershey presented a risk of flight and that no condition or combination of conditions could reasonably assure Defendant's appearance at future court proceedings. Accordingly, Mr. Hershey was remanded to the custody of the United States Marshal and has been incarcerated in the Federal Detention Center at Littleton, Colorado, since his July 14, 2014 arrest.

---

[1] [Doc. xx] is an example of the convention used by this author to identify the docket number assigned to a specific paper by the Court's CM/ECF electronic filing system.

      2.      Defendant now requests that the Court order the original detention hearing re-opened under the authority contained in 18 U.S.C. § 3142(f)(2)(B) which states, in pertinent part, that:

> "[T]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community."

Such a request is made based upon information now known to the Mr. Hershey which was not known to him at the time of the original hearing. Defendant believes that this new information does have a material bearing on the question of his detention or release pending trial. The new information upon which Mr. Hershey relies is principally described as follows:

      A.      Availability of funds (six figures) to be deposited with the Clerk of the Court and utilized as a cash bond securing Mr. Hershey's appearance at all future proceedings in this case. This type of bond is being offered in lieu of real property previously proposed as security in Mr. Hershey's earlier Motion for Reconsideration [Doc. 38]. It is believed that cash is a better form of security and, therefore, this substitution is being made. Mr. Hershey was not made aware of the availability of cash for this purpose until today's date. The source of this cash is Mr. Hershey's uncle, Robert Hershey, who resides in the Denver area.

    B. If the detention hearing were re-opened, Mr. Hershey, through counsel, would challenge a number of the conclusions reached by the Government at the original detention hearing which raised the inference that Defendant has possession of, and access to, large amounts of cash. Challenges will be founded upon whether stale and/or inaccurate information was used by the Government to reach its conclusions. Defendant was not aware of some of the inaccuracies in the testimony of the Government's witness, IRS Special Agent Mike Garvey, until discovery in this case was received—which was after the conclusion of the detention hearing itself.

    C. In addition, and also as a result of the inspection and analysis of discovery received after the close of the original detention hearing, Defendant will seek to introduce new evidence which also has a bearing on the Defendant's current ownership and use of cash.

  3. Finally, Defendant continues to believe that there is a combination of other release conditions—in addition to the proposed imposition of the cash bond requirement described in paragraph 2.A. above—that will reasonably assure his presence at future proceedings in this case. Accordingly, Mr. Hershey re-affirms, and includes herein by reference, all of the legal arguments made by him (especially) in his Motion for Revocation [Doc. 29], and continues to represent that the other conditions proposed by him in his Motion for Reconsideration [Doc. 38] will adequately assure his continuing appearance and participation.

WHEREFORE, for all of the foregoing reasons, Defendant requests that the Court grant this motion by re-opening the detention hearing in this case.

/s/ Michael F. Arvin
**Michael F. Arvin**
Michael F. Arvin, Attorney, PC
3773 Cherry Creek North Drive
Suite 575
Denver, CO 80209-3825
Telephone: (303) 629-6640
FAX: (303) 629-6679
E-mail: arvinlawoffices-ecf@arvin-denver.com
Attorney for Defendant Alan Timothy Hershey

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2014, I electronically filed the foregoing **MOTION TO RE-OPEN DETENTION HEARING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Linda S. Kaufman
Assistant U.S. Attorney
1225 17th St., Suite 700
Denver, Colorado 80202
Attorney for Plaintiff
Linda.Kaufman@usdoj.gov

Amanda B. Cruser
Boog & Cruser, P.C.
3333 S. Wadsworth Blvd., D-201
Lakewood, CO 80227
Phone:  (303) 986-5769
Fax:  (303) 985-3297
abcruser@vfblaw.com
Attorney for Defendant Renee Molinar

s/ Michael F. Arvin