## APPENDIX N - COMPUTATION OF TAX DUE AND OWING FOR ALAN T. HERSHEY / JOHNSTOWN LIQUOR 2001 - 2010

Cash Basis

| LINE | TAX YEAR | 2001* | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | Evidence |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | GROSS RECEIPTS | $1,223,683.63 | $2,047,736.04 | $2,240,338.60 | $2,251,837.00 | $2,777,306.75 | $3,208,735.51 | $3,587,929.04 | $3,141,371.82 | $3,216,869.98 | $3,136,042.42 | Appendix N-6 |
| 1A | Add: CHECK CASHING PROFITS | | | | | | | $17,612.93 | $11,325.72 | $6,782.31 | $7,459.84 | Appendix O |
| 1B | Add: SALES TAXES COLLECTED BUT NOT REMIT | $19,449.11 | $17,310.53 | $26,923.02 | $34,927.16 | $43,270.83 | $58,226.11 | $69,590.26 | $68,451.67 | $55,996.34 | $43,855.72 | Appendix N8 |
| 2 | Less: COST OF GOODS SOLD | $989,681.19 | $1,698,876.16 | $1,868,564.12 | $1,854,348.45 | $2,297,945.47 | $2,700,569.26 | $3,025,460.75 | $2,583,272.57 | $2,580,455.54 | $2,552,877.27 | Appendix N-6 |
| 2A | Less: COGS PAID WITH CASH | | | | | | | | $14,796.65 | $1,195.00 | | W58-6, W58-8 |
| 3 | GROSS PROFIT / GROSS INCOME | $253,451.55 | $366,170.41 | $400,697.50 | $432,415.71 | $522,632.11 | $566,392.36 | $649,671.48 | $637,876.64 | $699,193.09 | $634,490.71 | Lines 1+1A - 2 - 2A |
| 4 | EXPENSES PER VENDOR SUMMARY LESS | $30,655.03 | $55,835.10 | $48,451.33 | $53,069.12 | $159,761.25 | $229,407.85 | $168,136.61 | $122,545.45 | $103,443.58 | $150,725.43 | W3-111, W3-112, W3-113, W3-114, W3-115, W3-116, W3-117, W3-118, W3-119, W3-120 |
| 5 | ADDITIONAL EXPENSES ALLOWED | | | | | | | | | | | |
| | DEPRECIATION FOR BUILDING | $4,150.64 | $4,150.64 | $4,150.64 | $4,150.64 | $4,150.64 | $4,150.64 | $4,150.64 | $4,150.64 | $4,150.64 | $4,150.64 | Appendix N1 |
| | CASH WAGES PAID TO REICHERT | | | | | | | $30,030.00 | $67,205.00 | $74,405.00 | $62,843.00 | Appendix H |
| | CASH WAGES PAID TO REICHERT | | | | | | $28,250.00 | | | | | W3-51, W3-53 |
| | CASH WAGES PAID TO MOLINAR | | | | | $32,199.00 | $10,400.00 | $12,320.00 | $1,500.00 | $6,100.00 | $7,300.00 | W3-47 |
| | UNREPORTED WAGES TO EMPLOYEES | $2,957.19 | $0.00 | $0.00 | $5,132.43 | $31,329.30 | $23,359.79 | $46,991.43 | $43,417.43 | $63,169.23 | $85,643.69 | Appendix N5 |
| | NET WAGES TO EMPLOYEES | $3,230.68 | $10,810.73 | $22,526.29 | $17,498.96 | $13,603.20 | $22,198.55 | $21,425.18 | $33,570.21 | $27,285.41 | $37,703.71 | W3-82, W3-83 |
| | PROPERTY TAXES FOR 21 SOUTH PARISH | $11,559.31 | $4,959.40 | $4,626.56 | $5,794.04 | $5,842.92 | $6,056.74 | $5,996.68 | $6,754.10 | $7,297.02 | $6,853.15 | Weld County Tax account summary for 21 S. |
| | GLOBAL PAY | | | | | | | | $7,400.39 | $9,620.35 | $725.70 | W3-43 |
| | OTHER EXPENSES | $150,000.00 | | | | | $1,316.03 | $42,776.30 | $25,313.28 | $113.71 | $292.04 | W3-88 |
| 6 | TOTAL EXPENSES | $202,552.76 | $75,753.87 | $79,754.82 | $85,645.19 | $245,686.31 | $296,839.60 | $333,829.82 | $311,856.50 | $295,586.04 | $356,237.36 | Line 4 + 5 |
| 7 | NET INCOME FROM SCHEDULE C | $50,798.79 | $290,416.54 | $320,942.68 | $346,770.52 | $276,945.80 | $269,552.76 | $315,841.66 | $326,020.14 | $403,605.05 | $278,253.35 | Line 3 - 4 - 5 |
| 7A | GAIN ON SALE OF 1020 11TH STREET | | | | | | | $168,189.44 | | | | Appendix N-9 |
| 8 | Less: 1/2 OF SELF EMPLOYMENT TAX | $3,886.11 | $9,474.84 | $10,047.67 | $10,477.97 | $9,595.71 | $9,748.19 | $10,624.70 | $11,051.29 | $12,473.87 | $10,656.27 | Line 15 / 2 |
| 9 | ADJUSTED GROSS INCOME | $46,912.68 | $280,941.70 | $310,895.01 | $336,292.55 | $267,350.09 | $259,754.57 | $473,406.40 | $314,968.85 | $391,131.18 | $267,597.07 | Line 7 - 8 |
| | Less: | | | | | | | | | | | |
| 10 | PERSONAL EXEMPTION ** | $2,900 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | |
| 11 | STANDARD DEDUCTION FOR SINGLE | $4,550 | $4,700 | $4,750 | $4,850 | $5,000 | $5,150 | $5,350 | $5,450 | $5,700 | $5,700 | Form 1040 |
| 12 | TAXABLE INCOME | $39,462.68 | $276,241.70 | $306,145.01 | $331,442.55 | $262,350.09 | $254,604.57 | $468,056.40 | $309,518.85 | $385,431.18 | $261,897.07 | Line 9 - 10 - 11 |
| 13 | TAX | $7,470.99 | $83,937.09 | $88,598.85 | $95,912.39 | $73,574.53 | $70,611.01 | $142,893.99 | $87,891.97 | $112,584.41 | $71,542.78 | Appendix N3 |
| 14 | SELF EMPLOYMENT TAX | $7,772.22 | $18,949.68 | $20,095.34 | $20,955.95 | $19,191.43 | $19,496.38 | $21,249.41 | $22,102.58 | $24,947.75 | $21,312.55 | Appendix N2 |
| 15 | LESS W/H FROM GAMBLING WINNINGS | | | | | | | | | | ($2,172.00) | Indiana Gaming Company |
| 16 | TOTAL TAX DUE AND OWING | $15,243.20 | $102,886.77 | $108,694.19 | $117,868.34 | $92,765.96 | $90,107.39 | $164,143.40 | $109,994.56 | $137,532.16 | $90,683.33 | Line 13 + 14 - 15 |
| 17 | GRAND TOTAL TAX DUE AND OWING | | | | | $1,029,919.30 | | | | | | SUM Line 16 |

The Gross Receipts figures are the gross revenue figures from the Keystroke Point of Sale Software which contains the actual sales data including all cash sales information.
The Cost of Goods Sold figures are from Keystroke. The COGS figures for 2007 - 2010 are corroborated by available bank records for these tax years only as shown in Appendix F2.
The COGS figures from Keystroke differ from the bank records. Keystroke COGS kept track of every sale run through the register type of liquor, sale price, tax and profit. Bank records only reflect purchases of liquor made during the year which does not necessarily mean the liquor purchased that year was also sold that year. The COGS from P&L reports in QuickBooks tie to the bank records which relate to liquor purchases during the year, not exactly liquor sales.
Also the cash wages paid to employees were allowed as an additional expense.

* Larry Aldrich purchased Johnstown Liquor from Renee Molinar on January 1, 2000, and sold it back to her on March 15, 2001. Gross Income, COGS and expenses for the 2001 tax year are computed from March 15, 2001 - December 31, 2001. When MOLINAR purchased the store from Aldrich on March 15, 2001, it was assumed the entire purchase price was comprised of inventory because no records exist indicating this was not the case. W20-1, W20-12, W49-1, W66-9, Appendix A, Appendix N.

** For all years except 2001 HERSHEY's personal exemption was phased out due to the level of the income.

06/17/2014

U.S. v. ALAN TIMOTHY HERSHEY                14-cr-281-CMA-BNB

JOHNSTOWN LIQUOR

TAX YEARS 2007 THROUGH 2010

ANALYSIS OF GROSS PROFIT PERCENTAGE

================================================================================

SOURCE: USA TAX LOSS CALCULATIONS

| TAX YEAR: | 2007 | 2008 | 2009 | 2010 | TOTAL | PERCENTAGES |
|---|---|---|---|---|---|---|
| GROSS SALES (Receipts) | 3587929.04 | 3141371.62 | 3216869.96 | 3136042.42 | 13082213.04 | 1.00 |
| LESS: COST OF GOODS SOLD | -3025460.75 | -2583272.57 | -2580455.54 | -2552877.27 | -10742066.13 | 0.82 |
| GROSS PROFIT **BEFORE** DEDUCTION OF UTILITIES, WAGES, ADVERTISING, & OTHER OVERHEAD COSTS | 562468.29 | 558099.05 | 636414.42 | 583165.15 | 2340146.91 | 0.18 |

QUESTION: IF GROSS SALES ARE $ 13,000,000 AND THE GROSS PROFIT BEFORE PAYMENT OF OVERHEAD COSTS

IS 18% OF THAT NUMBER (PER YOUR OWN CALCULATIONS--IN THIS CASE, THEN, $ 2,340,000),

AND YOU'VE STILL GOT ALL OF YOUR OVERHEAD COSTS TO PAY, THEN HOW IS IT POSSIBLE TO "SKIM"

$ 4,000,000 OFF THE TOP?