IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Criminal Case No.  14-cr-00281-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALAN TIMOTHY HERSHEY,

Defendant.

___

# ORDER
___

This matter arises on defendant Alan Timothy Hershey's **Motion to Reopen Detention Hearing** [Doc. # 44, filed 9/30/2014] (the "Motion to Reopen").  I held a hearing on the Motion to Reopen this afternoon, received evidence and arguments, and made rulings on the record, which are incorporated here.

I previously ordered the defendant detained, finding that he is a risk of flight.  Order of Detention [Doc. # 21].  The defendant challenged my conclusion.  The district judge affirmed my Order, finding that "**continued detention is warranted.**"  Order Denying Defendant's Motion for Revocation of Detention Order and Setting of Conditions of Release [Doc. # 36] at p. 7 (original emphasis).

Section 3144 (g), 18 U.S.C., provides that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure

the appearance of such person as required and the safety of any other person and the community." The defendant presented new evidence material to the issue of detention, so I ordered the detention hearing reopened, and I took evidence and heard the arguments of counsel. Having done so, I find that the defendant continues to pose a substantial risk of flight requiring continued detention.

I find that the evidence establishes that the defendant poses a risk of flight based on the following:

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:

The defendant is charged with conspiracy to defraud the United States and multiple counts of tax evasion. The United States has presented substantial evidence supporting the charges and additional evidence that the defendant has manipulated his business interests and finances to hide and secret away hundreds of thousands or millions of dollars. The conduct of the defendant is not disputed; the new evidence presented merely challenges the scope of the alleged misdeeds.

The United States presented evidence that the defendant's character is to manipulate and hide his business dealings through the use of straw men; hide his ownership interests in businesses and properties; skim cash from the daily receipts of his businesses; use cash transactions to hide his business dealings and their scope; and structure cash transactions in an attempt to evade detection. The evidence shows him to be scheming and conniving so as to make his business dealings invisible. The evidence shows that the defendant is the product of a dysfunctional family, with only one familial tie to the jurisdiction (his uncle). He has hidden his ownership in real property through the use of straw men and only revealed that ownership at the time of his indictment and arrest at the insistence of the straw men; owns no automobiles or other licensed or registered assets; has only one bank account, recently opened; has no credit cards or credit history, no public address, no telephone registered in his name; he has not filed tax returns in approximately 30 years; he has no known employment or source of income; and he has structured financial transactions so as to avoid federal reporting requirements. The evidence confirms that conclusions of the district judge that "over an extended period of time, the

defendant acted very deliberately and deceitfully and on a daily or almost-daily basis to conceal his access to substantial assets in order to defraud the government and to evade the assessment of federal taxes" and "has engaged in a pattern of concealing his activities, income, and assets, and has taken extreme measures to minimize his public visibility and traceability." Order Denying Defendant's Motion for Revocation of Detention Order and Setting of Conditions of Release [Doc. # 36] at p. 5. Again, the new evidence presented today does not challenge these findings, but merely questions the amount of money involved.

There is no evidence that the defendant presents a risk to the safety of the community. My conclusion that detention is warranted is based on the risk of nonappearance, however, and not on the issue of the safety of the community.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.

IT IS ORDERED:

(1)     The Motion to Reopen [Doc. # 44] is DENIED;

(2)     The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3)     The defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

(4)     On order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal

for the purpose of an appearance in connection with this proceeding.

Dated October 20, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge