IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00281-CMA )
)
UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. )
)
1.    **ALAN TIMOTHY HERSHEY** )
2.    **RENEE MOLINAR** )
)
    Defendants. )
)

_____

**DEFENDANTS' UNOPPOSED MOTION FOR EXCLUSION OF ADDITIONAL TIME BEFORE WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)**
_____

    Defendant Alan Timothy Hershey, by and through undersigned counsel Michael F. Arvin, and Defendant Renee Molinar, by and through undersigned counsel Amanda B. Cruser, respectfully request that this Court enter an Order: 1) granting Defendants an additional 110-day "ends of justice" continuance pursuant to 18 U.S.C. §3161(h)(7)(A) and (h)(7)(B)(ii) and (iv); 2) vacating the current pre-trial motions filing and response deadlines of January 12, 2015 (Defense) and January 26, 2015 (Government); and 3) vacating the final pre-trial conference scheduled for February 3, 2015, as well as the trial date of February 17, 2015. In support thereof, Defendants state as follows:

### I. Factual Basis

    1.    Defendant Alan Timothy Hershey is charged in an eleven count felony indictment with conspiracy to defraud the United States, under 18 U.S.C. § 371, in

connection with the computation, assessment, and collection of the revenue. He is also charged with ten (10) substantive counts of felony tax evasion allegedly committed with respect to his tax years 2001 through 2010, all in violation of 26 U.S.C. § 7201.

2.     Defendant Renee Molinar is likewise charged with conspiracy to defraud the United States, under 18 U.S.C. § 371, in connection with the computation, assessment, and collection of the revenue.

### Discovery Progress and Developments

3.     Beginning on the date of the arraignments conducted as to each Defendant (July 17, 2014) and continuing through today's date, both the Government and the Defendants have exchanged voluminous discovery. For example, by August 1, 2014, the Government had turned over to the defense over 122,000 pages of discovery, along with 484 pages of various Memoranda of Interview conducted by civil and criminal-side IRS Agents after interviews with 27 non-Government witnesses. In addition, 379 pages of Grand Jury testimony and numerous, related exhibits were released to both Defendants pursuant to the Government's Motion requesting same [Doc. 14][1], and the Court's Order granting that disclosure dated July 17, 2014 [Doc. 19].

4.     Since receipt of the initial rounds of discovery, as described in paragraph 3. above, additional documentation bearing directly upon the tax loss computations relevant to the trial, sentencing and restitution in this case have been forthcoming from both the Government and the Defense. For example, in mid-October, 2014, Defendant Molinar, through undersigned counsel Amanda B. Cruser, delivered to the United States

---

[1] [Doc. xx] is the convention used by this writer to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF).

sixty-nine (69) additional boxes of documents containing raw business record data relevant to one segment of the overall tax loss computation in this case. Counsel for both Defendants have been afforded the opportunity to inspect and select documents from that particular production for defense purposes. In that connection, on both November 13 and 24, 2014, Mr. Arvin spent (collectively) one and two-thirds (1 2/3) days in the U.S. Attorney's Office identifying documents in this collection for production. Processing of the selected documents by the U.S. Attorney's Office is now complete and counsel for both Defendants received a copy of those documents by way of transmittal letter from the U.S. Attorney's Office dated November 26, 2014. Integration of the information contained in these additional 1,854 pages is ongoing at this date.

   5. Today, initial disclosure of relevant business record data continues to be made between the parties. As an example, Defendant Hershey has recently produced eighteen (18) boxes of raw business record data containing evidence of additional cash-paid expenditures relevant to the operation of several liquor stores identified during the course of the Government's investigation in this case. These expense compilations, with related supporting documentation, comprise an additional 1,881 pages. This latest set of documents is being provided by Mr. Arvin's office to the Government and counsel for Ms. Molinar, also today, and their own, independent analyses will need to be performed before acceptance of same and integration of these numbers into the overall tax loss calculations can be made.

   6. Finally, further testing of the largest set of expense numbers relevant to the computation of the tax loss in this case has recently been undertaken by Mr. Arvin's office. The results of these tests may dictate that further, major adjustments to the tax

loss calculations take place. The Government will, of course, need additional time to inspect and analyze the documentation supporting these (possible) proposed adjustments, as well as to perform its own independent calculation of a revised, global tax loss number which may be forthcoming as the product of this latest information exchange. Given the extent of the additional testing that is currently taking place on the defense side, it is clear that the Government will need additional time—well into the month of January, 2015—before it can makes its own decision as to whether to accept the proposed adjustments described in this paragraph.

7. In furtherance of better informed and more accurate criminal tax loss calculations, several lengthy telephone discussions of various issues related to the computation of the global tax loss have taken place between the Government and the Defense. Based in part on these discussions, the Government has also produced two major revisions to the loss calculations—the last of which occurred on December 4, 2014. Other revisions to that overall calculation are likely to be forthcoming from the defense as additional, relevant accounting-type data is integrated into the multi-part, multi-year calculation of the tax loss in this case, as described in the paragraphs above.

8. In addition, purely legal issues which are relevant to the possible integration of certain Application Notes appearing in the U.S. Sentencing Guidelines is the subject of considerable ongoing discussion among all parties, all requiring further legal research for resolution.

<u>Actions of the Court With Respect to Speedy Trial Dates</u>

9. Defendants filed their first motion to declare this case complex on August 1, 2014 [Doc. 26]. The Court granted this motion on August 4, 2014, by entering an

Order extending the date by which trial must begin by One-hundred Eighty days (180 days), to be counted from a start date of September 29, 2014 [Doc. 27]. Without further allowances which would operate to toll the speedy trial clock for any motion filed and decided in the interim, 180 days after September 29, 2014, would be March 28, 2015 (a Saturday), thereby making the last business day for trial to commence Friday, March 27, 2015.

10.     At a November 18, 2014, status conference held by the Court in this case, a pre-trial motion filing deadline of January 12, 2015 was set along with a Government response deadline of January 26, 2015. The final pre-trial conference was set for February 3, 2015. A trial date of February 17, 2015 was also set.

11.     Given the incomplete status of a task of primary importance in this case—namely, the establishment of the criminal tax loss number—which requires both continuing legal research and accounting data analysis and integration, and due to the recent and continuing addition of information directly relevant to that computation, we respectfully ask the Court to extend the time within which trial must commence by another one-hundred ten days (110 days). July 16, 2015 is the date which is 110 days from the current, unadjusted speedy trial deadline of March 28, 2015.

## II. Legal Authority and Analysis

12.     The Speedy Trial Act [18 U.S.C. §§ 3161-3174] is "designed to protect a Defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." United States v. Hill, 197 F.3d 436, 440 (10th Cir. 1999). In pursuit of the Act's goals, certain limits apply (expressed in days) which govern the date from the later of indictment or initial appearance by which trial

must commence in the case of a Defendant on pre-trial release (70 days) [18 U.S.C. § 3161(c)(1)], and a Defendant who is detained (90 days) [18 U.S.C. § 3164(b)].

13. Title 18 U.S.C. §3161(h)(7)(A) empowers a Court to exclude a period of delay in computing the time within which a trial must commence where "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the Defendant in a speedy trial." The decision to grant an ends of justice continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009).

14. Title 18 U.S.C. §3161(h)(7)(B)(i)-(iv), sets forth the factors a Court must consider in determining whether to grant an ends of justice continuance. Two of the four factors, which appear in subclauses (ii) and (iv), continue to apply in this case, as follows:

(ii) The second factor is "[w]hether the case is so unusual or complex, due to the number of Defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pre-trial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(7)(B)(ii). This case is, at once, complex due to the operation of a number of different factors on the tax loss calculation itself, the sheer volume of additional discovery which is still being produced and analyzed today, and the subject matter of the crimes alleged. The Defendants have been charged with a tax conspiracy that allegedly occurred over more than a decade. The proper tax treatment of various items of income, gain, loss, deduction and credit are still being researched and vetted, and their placement within the overall calculations can have a dramatic

effect upon the bottom line. The parties are attempting to agree upon the proper tax treatment of the identified sets of large numbers so as to minimize further disputes about these numbers in the future. Further, new issues surrounding the application of Guideline Application Notes have arisen, making further legal research necessary. The relevance of these legal questions also has a significant effect upon the bottom-line tax loss in this case.

(iv)   The fourth factor is "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Defendant reasonable time to obtain counsel, would unreasonably deny the Defendant or the Government continuity of counsel, or would deny counsel for the Defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3161(h)(7)(B)(iv). Defendants respectfully submit to the Court that this case should continue be considered both unusual and complex due to its size, and due to the effect of movement of the various accounting data factors within the calculations, as described in this paragraph above. Adequate preparation for pre-trial proceedings, and the trial itself, cannot reasonably be completed within the current extended speedy trial time limits due to the introduction of new data, new issues and revised calculations, all of which have taken place just since the Court's status conference held November 18, 2014. Adequate preparation time is a permissible reason for granting a continuance and tolling the forward motion of the Speedy Trial Act mechanism. United States v. Gonzales, 137 F.3d 1431 (10th Cir. 1998).

15.   In addition, in the Tenth Circuit we test fact patterns as against four

factors, each separate and apart from those recited above, when advocating for a suspension of the Speedy Trial Act provisions. *See* <u>U.S. v. White</u>, 2011 U.S. Dist. LEXIS 127576 (D. Colo. 2011); <u>U.S. v. Rivera</u>, 900 F.2d 1462 (10th Cir. 1999) (citing <u>U.S. v. West</u>, 828 F.2d 1468, 1469 (10th Cir. 1987)) (listing factors).  The key relevant factors and our analyses are:

a. <u>Diligence of the party requesting the continuance</u>. At a status conference held in this case on November 18, 2014, then unaware of additional, relevant accounting data that would be forthcoming from defendant Hershey subsequent to that hearing and the presentation of new legal issues generated by application of the U.S. Sentencing Guidelines to the facts in this case, Mr. Arvin represented to the Court that he did not believe a motion for further tolling of the speedy trial clock would be filed as to Mr. Hershey. With today's introduction of additional accounting data and the prospect of (now) more to come, as well as the time it will take to resolve new legal issues that have recently surfaced vis-à-vis the Guidelines, both Defense counsel believe that they have been diligent in this request for an additional extension of the time within which trial must commence in this case.

b. <u>The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance</u>. In assessing the need for additional continuance of the speedy trial deadlines, Defense counsel believe that discovery of additional accounting data is almost complete. Evaluation and integration of that data into the tax loss calculations by both the Defense and the Government will take additional time and will result in more fair and accurate treatment of the additional items which the Defense seeks to introduce into the calculations at this

time.

        c. <u>The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance</u>. Assistant U.S. Attorney Linda Kaufman has indicated that the Government does not oppose the Court's grant of this motion for additional time. In fact, trial preparation (or disposition without trial) would be aided greatly, on both sides, by a further extension of the speedy trial deadlines.

        d. <u>The need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance</u>. If Defense counsel were forced to prepare for and conduct a criminal trial in this case within the (now remaining) allotted time before the speedy trial clock runs, it is a relative certainty that the necessary, discrete steps of interviewing dozens of witnesses, thorough review of bank and other financial records (still being produced and analyzed), testing of the tax loss calculation (as it continues to change), preparation of proposed jury instructions, as well as the many other tasks to be accomplished to prepare for such a trial would each suffer to some noticeable degree. Collectively, Defense counsel believe that they could not be adequately prepared for such a trial within the time now remaining.

### III. Conclusion and Request for Order

16.    Given the voluminous nature of the discovery in the case—which has expanded beyond what either the Defense or the Government could have anticipated even as late as the status conference date of November 18, 2014, the continuing production of same by both sides at this date, and the introduction of new legal issues related to application of the U.S. Sentencing Guidelines, there will not be enough time

for undersigned counsel to review and digest the latest discovery in order to prepare timely pretrial motions, or adequately prepare for trial, if the current speedy trial deadlines are adhered to.

17. While the numerous charges themselves may not be complex, the underlying factual basis spans a period of twelve (12) years and is, from what defense counsel has seen and analyzed so far, quite complicated. The case continues to require thorough Defense investigation, careful review of the voluminous discovery, and close attention paid to the tax loss calculations, the factors affecting those calculations, and the various legal issues that have arisen in applying the Guidelines. Accordingly, undersigned counsel for both Defendants do not believe that the extended deadlines in place at this date will afford enough time to properly and adequately prepare a defense for trial for either Defendant.

18. For all of the reasons set forth herein, Defendants and their undersigned counsel are requesting this Court exclude an additional 110 days from the Speedy Trial Act limits to allow them to continue to receive, process and integrate accounting data into the tax loss calculations, to resolve legal issues that have been identified as applicable to the Guidelines calculations, and perform the other due diligence necessary to the filing of pretrial motions and the preparation for trial or, in the alternative, to reach disposition without trial as to each defendant.

19. Assistant United States Attorney Linda Kaufman has authorized Defense counsel to represent that the Government does not object to this Motion.

20. Accordingly, Defendants respectfully request that the Court enter an Order finding that this matter is complex, that the ends of justice would be better served by

further extending the time within which trial must commence in this case by allowing for additional preparation time (or time for disposition without trial), and to accomplish same by excluding an additional 110 days from the speedy trial clock pursuant to Title 18 U.S.C. §3161(h).

Respectfully submitted this 16th day of December, 2014.

s/Michael F. Arvin_____
**Michael F. Arvin**
Attorney at Law
3773 Cherry Creek North Drive, #575
Denver, CO 80209-3823
Phone:	(303) 629-6640
Fax:	(303) 629-6679
arvinlawoffices-ecf@arvin-denver.com
Attorney for Defendant Alan Timothy Hershey

s/Amanda B. Cruser_____
**Amanda B. Cruser**
Boog & Cruser, P.C.
3333 S. Wadsworth Blvd., D-201
Lakewood, CO 80227
Phone:	(303) 986-5769
Fax:	(303) 985-3297
abcruser@vfblaw.com
Attorney for Defendant Renee Molinar

## CERTIFICATE OF SERVICE

   I hereby certify that on December 16, 2014, I electronically filed the forgoing **DEFENDANTS' UNOPPOSED MOTION FOR EXCLUSION OF ADDITIONAL TIME BEFORE WHICH THE TRIAL FOR THE OFFENSES CHARGED IN THE INDICTMENT MUST COMMENCE PURSUANT TO 18 U.S.C. §3161(h)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Linda S.Kaufman, Assistant U.S. Attorney
U. S. Department of Justice
1225 17th Street, Suite 700
Denver, Colorado 80202
Linda.Kaufman@usdoj.gov

Amanda B. Cruser
Boog & Cruser, P.C.
3333 S. Wadsworth Blvd., D-201
Lakewood, CO 80227
abcruser@vfblaw.com
Attorney for Defendant Renee Molinar

                s/Michael F. Arvin _____
                ***Michael F. Arvin***