IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-cr-00281-CMA    )
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
1. **ALAN TIMOTHY HERSHEY**,            )
                                        )
        Defendant.                      )

## MOTION FOR SENTENCE VARIANCE

Defendant Alan Timothy Hershey, by and through undersigned counsel, respectfully asks the Court to grant this motion for a variance in his recommended, Guidelines sentence. In support thereof, defendant states as follows:

### I. Procedural History

1. On July 3, 2014, Mr. Hershey was charged by indictment with one (1) count of violating 18 USC 371, Conspiracy to Defraud the United States, and ten (10) counts of violating 26 USC 7201 and 18 USC 2, Tax Evasion and Aiding and Abetting same [Doc. #1].[1] He was arrested on July 14, 2014, pursuant to an arrest warrant earlier issued, and has been in uninterrupted federal custody since that date—a period in excess of nineteen (19) months at this date.

---

[1] [Doc. xx] is an example of the convention used by this author to identify the docket number assigned to a specific paper by the Court's CM/ECF electronic filing system.

1

2. On May 13, 2015, Mr. Hershey pled guilty pursuant to a plea agreement, the terms of which were accepted by the Court [Doc. #66]. One condition of defendant's plea agreement is that he pay, in full, the determined restitution amount of $ 1,777,183.28 by taking steps to ensure that these funds are available for turnover to the United States at least eight (8) days prior to his currently scheduled sentencing hearing of March 22, 2016.

3. Mr. Hershey, while successful at generating a portion of the funds required and notwithstanding his best efforts, has been unable to generate the balance of funds due at this date. His efforts continue. Notwithstanding his successful efforts with regard to generating a portion of the restitution dollars that are required to be paid and several prior approved continuances of his sentencing hearing [Doc. #77 & #86], we stand at today's date with Mr. Hershey yet unable to completely meet an important term of his plea agreement. Based upon these facts and circumstances, defendant therefore filed a motion for yet another continuance of his sentencing hearing on February 29, 2016. Today, that motion was denied and sentencing remains set for March 22, 2016 [Doc. #96].

## II. Counts of Conviction, Tax Loss, Adjusted Offense Level and U.S. Sentencing Guidelines Calculations

4. On May 13, 2015, Mr. Hershey pled guilty to Count 1 of the indictment charging a violation of 18 USC 371, Conspiracy to Defraud the United States, and Counts 8 and 11, charging violations of 26 USC 7201 and 18 USC 2, Tax Evasion and Aiding and Abetting same [Doc. #66]. As further explained in part VI. of his plea agreement, when the counts are grouped and sentencing enhancements added, Mr. Hershey's tentative adjusted offense level is 28. With reductions for acceptance of

responsibility, the resulting offense level is 25. Mr. Hershey's tentative criminal history category is I (one), subject to the Court's final determination. The tentative Guideline determination is therefore a recommended sentence of between 57 and 71 months.

5. As it goes about considering an appropriate sentence in this case, the Court's job is substantial as it is, on the one hand, no longer bound by the sentencing range that is suggested by the U.S. Sentencing Guidelines as those Guidelines are now effectively advisory in nature only. <u>U.S. v. Booker</u>, 543 U.S. 220, 245 (2005). One another hand, however, the Court must instead impose a sentence that is reasonable under the circumstances, requiring it to consider many other factors. A rote recitation of those remaining factors (18 USC § 3553(a)) will not be made here as this writer believes the Court deals with them often and, therefore, would find little, if any, additional benefit to such a recitation. In this case in particular, the Court's task could in a sense also made more difficult by the fact that an important term of Mr. Hershey's plea agreement has not been fully met—notwithstanding his sincere, ongoing, demonstrated efforts to dispose of real and personal property to meet his restitution obligation—which had a "payment in full before sentencing" condition attached to it. The good news, on the other hand, is that Mr. Hershey's efforts have already generated some of the required cash at this date.

### III. 18 USC 3553(a) Factors and a <u>Sentence Sufficient to Carry Out the Purposes of Sentencing</u>

6. The defense believes that a sentence of 32 months is adequate, but not longer than necessary, to carry out the goals of federal sentencing. No longer bound by a Guidelines sentence and free to consider the characteristics of this defendant, in particular, the Court we know will exercise its own discretion in fashioning an

appropriate and reasonable sentence. In this case, Mr. Hershey respectfully urges the Court to place emphasis upon, among others, the following factors:

   A. <u>Defendant's First Criminal Conviction</u>: This prosecution represents Mr. Hershey's first conviction for any serious crime, either federal or state, and his first conviction for a felony of any kind. Mr. Hershey was 50 years of age when he pled guilty in this case. Defendant's lack of criminal history allows the Court to consider this factor and to weigh it in the defendant's favor. As the Tenth Circuit has observed: "Although the Guidelines discourage granting a downward departure based upon criminal history when the defendant has been placed in a criminal history category of I. . .this is not a departure case, it is a variance case. And, after <u>Gall</u>[2] and <u>Kimbrough</u>[3], a factor's disfavor by the Guidelines no longer excludes it from consideration under § 3553(a). . .[T]herefore, a district court may weigh a defendant's lack of a criminal record, even when the defendant has been placed into a criminal history category of I, in its § 3553(a) analysis." <u>U.S. v. Huckins</u>, 529 F.3rd 1312, 1318-1319 (10th Cir. 2008). In <u>U.S. v. Tomko</u>, 562 F.3d 558, 563 (3rd Cir. 2009)(en banc), a tax evasion case, the court found that a sentence of probation made by the district court was reasonable in part because of the defendant's "lack of any significant criminal history". While we do not advocate probation as a sentence in this case, past emphasis by sentencing courts upon a defendant's (almost) unnoticeable prior criminal record has been a factor favoring the defendant. An examination of the pre-sentence investigation report

---

[2.] Gall v. United States, 552 U.S. 38
[3.] Kimbrough v. United States, 552 U.S. 85

describing Mr. Hershey's previous record indicates that he received fourteen (14) minor traffic violations scattered over various years in the past. He has no other criminal record. Due to the nature of these offenses, none are counted in the computation of a defendant's criminal history. USSG § 4A1.2(c)(2). U.S. Probation, pursuant to its own investigation, therefore assigned Mr. Hershey to criminal history category I with <u>zero</u> criminal history points. PSR ¶¶ 76-78.

The U.S. Sentencing Commission's own research observes that: "The analysis [of empirical data on re-offending] delineates recidivism for offenders with minimal prior criminal history and shows that the risk is lowest for offenders with the least experience in the criminal justice system. Offenders with zero criminal history points have lower recidivism rates than offenders with one or more criminal history points. Even among offenders with zero criminal history points, offenders who have never been arrested have the lowest recidivism rate of all." United States Sentencing Commission, <u>Recidivism and the First Offender</u> (May, 2004), p. 17 of 31. The research goes on to suggest that, based upon Mr. Hershey's profile—while not even taking into account his age—his risk of re-offending lands at the very low rate of approximately 8.8%--not even a one in ten chance. *Id.* For this reason, a sentence within the Guideline range is not necessary as a tool to signal to the public that justice has been done in this case. Unlike many so-called "white collar" defendants, Mr. Hershey has been held in the pre-trial custody of the Bureau of Prisons for over 19 months at this point. Knowing that, there is a high likelihood that deterrence is already occupying large space in the collective mind of the public, both at large and in the small Northern Colorado communities in which the defendant lived and worked.

B.   <u>Age 50 at Sentencing Presents a Lower Risk of Recidivism</u>: Mr. Hershey was born in April, 1965. He is, at this date, 50 years of age and he will be 51 about one month after he is sentenced by the Court. The possibility of him re-offending is greatly reduced, if not for the effect of the lessons he has already learned being embroiled in this case and carrying the heavy burden associated with his restitution obligation, but also by being subject to lengthy incarceration pre-trial. This writer believes that Mr. Hershey is one of the oldest inmates currently being held at the Federal Detention Center, Englewood, Colorado (as distinguished from the camp or the low security prison also situated on the grounds at that location). He is surely one of the longest serving at that particular facility, to be sure. Evidence in the form of empirical studies, once again promulgated by the U.S. Sentencing Commission, confirms that the older the offender, the less likely that offender is to head down the same path a second time. "Recidivism rates decline relatively consistently as age increases. Generally, the younger the offender, the more likely the offender recidivates. . .[A]mong all offenders under age 21, the recidivism rate is 35.5 percent, while offenders over age 50 have a recidivism rate of 9.5 percent." U.S. Sentencing Commission, <u>Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines</u>,  May 2004, p. 12 of 38. Lacking any motivation at all to put himself through this type of ordeal again, Mr. Hershey's projected rate of re-offense is likely much lower than the 9.5% attributable to defendants over the age of 50.

C.   <u>Attempt at Complete Restitution Payment Before Sentencing</u>: As the Court knows, Mr. Hershey continues his efforts to fully pay his restitution. He has already liquidated certain real property assets, and those funds are ready for immediate

turnover to the United States. Although not yet successful in completely paying this obligation, defendant continues his efforts non-stop. All of Mr. Hershey's efforts have necessarily taken place from the confines of the Federal Detention Center, Englewood, Colorado, and he has had some success even with these constraints. At least one court has seen fit to grant a downward variance based upon an attempt to pay restitution prior to sentencing. <u>U.S. v. Curry</u>, 523 F.3d 436, 441 (4th Cir. 2008). Although the defendant in <u>Curry</u> made full restitution prior to sentencing, the attempt here and continuing efforts are worthy of consideration.

      WHEREFORE, the Defendant, Alan Timothy Hershey, for all of the reasons described herein and to be presented to the Court in colloquy by both the defendant and counsel, respectfully prays that the Court grant his motion for a downward variance in his sentence from that range suggested by the U.S. Sentencing Guidelines, and to impose as part of his sentence a period of incarceration of 32 months.

Respectfully submitted,

Dated: March 8, 2016

by: /s/ Michael F. Arvin
**Michael F. Arvin**
Michael F. Arvin, Attorney, PC
3773 Cherry Creek North Drive
Suite 575
Denver, Colorado 80209
Telephone:	(303) 629-6640
FAX:	(303) 629-6679
E-mail: arvinlawoffices-ecf@arvin-denver.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of March, 2016, I electronically filed the foregoing **MOTION FOR SENTENCE VARIANCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Linda S. Kaufman
Assistant U.S. Attorney
1225 17th St., Suite 700
Denver, Colorado 80202
Attorney for Plaintiff
Linda.Kaufman@usdoj.gov


Amanda B. Cruser
Boog & Cruser, P.C.
3333 S. Wadsworth Blvd., Suite D-201
Lakewood CO 80227
Attorney for Defendant Renee Molinar
abcruser@vfblaw.com


                                                s/ Michael F. Arvin