IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00281-CMA-2

 UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2.**     **RENEE MOLINAR,**

     Defendant.

### Government's Response to Defendant Molinar's Sentencing Memorandum and Request for Downward Departure and Variance (Non-Guideline Sentence) (Doc 106)

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Linda Kaufman, hereby responds to Defendant Molinar's Sentencing Memorandum and Request for Downward Departure and Variance (Non-Guideline Sentence) (Doc 106)  as  follows:

1.    The defendant has requested this court vary from the applicable guideline sentence in this case, and sentence her instead to probation, or in the alternative, a sentence of 1 year and 1 day of incarceration.

2.    The government does not dispute the defendant's account of her troubled childhood or those descriptions set forth in her character references. Defendant Molinar suffered substantial abuse as a child which likely shaped her vulnerability to an abusive male in later life. Co-defendant Hershey was, by many accounts, a very controlling person toward defendant Molinar during the

conspiracy.  They lived together, and he directed her as to every detail in running Johnstown Liquor.

3.   The government does not dispute that defendant Molinar could benefit from long-term counseling and therapy.

4.   Defendant Molinar did not benefit financially from the offense , but rather provided the fruits of the crime to co-defendant Hershey.  Unlike defendant Hershey, she sent payments to the IRS which were consistent with her personal tax liability during the conspiracy, although she did not file returns.

5.   Defendant Molinar and defendant Hershey quit living together in 2007 or 2008, and the conspiracy continued until 2012.  Unlike the unindicted co-conspirator, who left Johnstown Liquor in 2011, defendant Molinar stayed on and continued to assist defendant Hershey.  Defendant Molinar, prior to indictment, made false statements to the criminal investigators.  Her participation as a coconspirator was, as described in the statement of facts in her plea agreement, multi-faceted and critical to the success of the conspiracy.

6.   The government has recommended that she be granted a 33 1/3 % downward departure pursuant to U.S.S.G. § 5K1.1(a) for her post-indictment substantial assistance.

7.     On balance, the government believes that a sentence of incarceration is appropriate in this case, but would not object to a slight downward variance that would reduce the number of months of incarceration defendant Molinar would be required to serve.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


By: s/ Linda Kaufman
Linda Kaufman
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: Linda.Kaufman@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this day 23rd of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

Michael F Arvin
arvinlawoffices-ecf@arvin-denver.com

Amanda B. Cruser
Abcruser@vfblaw.com

By: _s/ Maureen Carle_____
Maureen Carle
Legal Assistant
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0200
Fax: (303) 454-0402
E-mail: Maureen.Carle@usdoj.gov